# Hartford Fire Insurance Co. v. King.

*Action on a Contract of Insurance.*

1. *Contract of insurance may rest in parol; when complete.*—A contract of insurance or to insure or to issue a policy of insurance, not being within the provisions of the statute of frauds, is not required to be in writing, but may rest in parol; and when in an application for insurance the property to be insured is described, and there is a statement of the period, the amount of insurance desired, and the rate proposed to be paid, and this proposition is accepted, the contract of insurance becomes at once complete and binding, and its efficacy is not dependent upon the issuance of the policy of insurance.

2. *Same; facts of case at bar.*—An application was made on September 11, 1891, for insurance for one year from September 12, 1891. There was a statement in this application of the amount of insur-

ance desired, the rate proposed to be paid, and a description of the property to be insured. The agent to whom it was presented referred the application to the insurance company, and it was accepted by it on September 19, 1891, and said company directed its agent to prepare a policy. On September 22, the agent prepared a policy on the property and terms specified in the application, and mailed it to the applicant. In the meantime, without the agent's knowledge, the said property was destroyed by fire on September 21, 1891. *Held*: the contract of insurance was consummated and became binding on September 19, 1891, when the company accepted the proposition contained in the application, was therefore in force on September 21, when the property was destroyed, and the company is liable thereon.

3. *Action on contract of insurance; sufficiency of complaint.*—In an action on a contract of insurance, a complaint which claims the amount sued as the value of a house, "which the defendant, on the — day of September, 1891, insured" against loss by fire, "which house was afterwards destroyed by fire," "and after said agreement was made," is not demurrable on account of the blank left in the date of the making of the contract of insurance; such date appearing from the papers in the possession of the defendant, and it being otherwise shown by the averments of the complaint the contract covered the time of the loss.

APPEAL from the City Court of Gadsden.
Tried before the Hon. JOHN H. DISQUE.

This action was brought by the appellee, T. J. King, against the appellant, the Hartford Fire Insurance Company. The complaint contained two counts, which were as follows: 1st. ''The plaintiff claims of the defendant the sum of six hundred dollars, the partial value of a storehouse, which the defendant on the — day of Sept., 1891, insured against loss or injury by fire for the term of one year, which house was afterwards destroyed by fire on the 21st day of Sept., 1891, of which the defendant has had notice, which sum, with interest, is due and unpaid.'' 2d. ''The plaintiff claims of defendant corporation the further sum of six hundred dollars, the agreed partial value of a storehouse which the defendant on the — day of Sept., 1891, agreed to insure against loss or injury by fire for the term of one year, which house was destroyed by fire on the 21st day of Sept., 1891, and after said agreement was made, of which defendant has had notice, which sum, with interest, is due and unpaid.'' To each of these counts of the complaint, the defandant demurred on the following grounds: (1.)

That they fail to show on what day of September, 1891, the defendant insured plaintiff's house against loss or injury by fire. (2.) That said counts fail to show on what day the policy of insurance took effect. (3.) That said counts fail to show that the said storehouse was actually insured at the time of its destruction by fire. Each of these demurrers was overruled ; and issue was joined on the plea of the general issue. The facts of the case are sufficiently stated in the opinion.

The cause was tried by the court, without the intervention of the jury ; and upon hearing all the evidence, the court rendered judgment for the plaintiff. The defendant appeals ; and assigns as error the overruling of its demurrers to the complaint, and the rendition of judgment for the plaintiff.

GOODHUE & SIBERT, for appellant.

DORTCH & MARTIN, contra, cited Home Ins. Co. v. Adler, 71 Ala. 516 ; Hatchett v. Molton, 76 Ala. 410 ; Eames v. Home Ins. Co., 94 U. S. 621 ; Hallock v. Commercial Ins. Co., 26 N. J. L. 268.

McCLELLAN, J.—We think the evidence in the record before us presents this case : Blair was the agent of the Hartford Fire Insurance Company at Gadsden, with power to accept propositions for insurance in said company, to receive premiums, to make contracts of insurance and to issue policies without referring such applications to the company itself, though perhaps policies issued by him were subject to a right of cancellation in the company. King proposed to Blair to insure a certain house in the Hartford Co. for one year from September 12th, 1891, for six hundred dollars at a premium of three and one-quarter per cent. This application was made on September 11th, 1891, in writing on a form of the company furnished King by Blair. Upon receipt of it, Blair said that, because King's application showed that there was a lien on the house (and lot) for a balance of purchase money, he could not issue a policy without first having the company's consent, and he advised King that he had forwarded the application to the company, with a letter in which he informed the company that he would wait "to hear from them before

issuing the policy.'' King's application and Blair's letter reached the company on September 19th, 1891, and on the same day the company wrote Blair, acknowledging the receipt of King's application and his letter and stating further: "We will allow you to write the desired amount on [King's] building." Blair on receipt of this letter, wrote out, signed and mailed to King on September 22d, 1891, a policy of insurance on the property and terms specified in King's application, except that it was made to cover a period of one .year, commencing on the day of its date, September 22d, instead of September 12th, as proposed in the application. Meantime, without Blair's knowledge, the property insured was, on the morning of September 21st, 1891, destroyed by fire. On these facts King brings this action to recover six hundred dollars, not on the policy of insurance, but upon a contract of insurance or to insure, which he insists was consummated on September 19th, and of which it was intended by the company that the policy to be issued by Blair should be the evidence; but it is further insisted that the policy issued by Blair did not truly evidence said contract in respect of the time at which the period covered by the contract should commence. And upon this theory, the city court, without jury, found for the plaintiff, and entered judgment accordingly.

The question thus presented is as to whether a contract of insurance or to insure was consummated between the company and King by the action of the former on September 19th, evidenced by its letter to Blair. Counsel for appellant do not at all question the well established propositions that a contract of this sort may rest in parol, that its existence and efficacy do not depend upon the issuance of that usual muniment of such contracts called a policy of insurance, but that to such ends, "it is sufficient," as said by Judge Bradley, "if one party proposes to be insured, and the other party agrees to insure, and the subject, the period, the amount and the rate of the insurance is ascertained or understood, and the premium paid if demanded."—*Eames v. Home Ins. Co.*, 94 U. S. 621, 629. See also 1 Biddle on Insurance, §§ 140 *et seq.*; *Home Ins. Co. v. Adler*, 71 Ala. 516.

But the contention of appellant is, that there was no mutual assent to any contract of insurance until the

policy was in fact issued, and that the policy was the only contract. We can not concur in this view. Every term of the proposed contract was set forth in the application of King. He therein proposed to be insured. The property to be covered was therein described with particularity. His proposition was for insurance of that property "for the term of one year from September 12th, 1891." The amount was definitely stated to be six hundred dollars. And the rate of insurance he proposed to pay was three and one-quarter per cent. All this was embodied in the proposition he made to the Hartford Company. It was with that company to accept or reject that proposition. This option Blair might have exercised for the company. Whether he for the company or the company itself exercised it, however, was of no moment to King. Blair chose to submit the matter for the direct action of the company. He forwarded King's proposition to the company, and it at once elected to accept the proposition. It in effect said, we agree to insure this house for one year from September 12th, 1891, in the sum of six hundred dollars for the proposed compensation of 19 and 50-100 dollars; and we will have the formal evidence of this contract drawn up and delivered to King. Every essential term of the contract was thus agreed upon—the minds of the parties had met in mutual assent upon every feature of a valid undertaking to insure. Had the time when the risks was to commence not been specified it would be referable to the date of the application, the 11th of September 1891. For, as said by Judge Bradley in the case cited above, in which the inception of the risk was not specified in the application: "There is no difficulty as to the time when the risk was to commence. It was the practice of the defendant, as it was of most if not all other companies, to antedate the policy to the time of making the application. * * * This practice is more beneficial to the companies than to the insured. They are not liable until the contract is completed, and if a loss occurs before its completion [i. e. the acceptance of the insured's application] they have nothing to pay; and yet they get the benefit of the premium for this period whenever the contract is completed." Nor is there any difficulty as to the stipulations of the policy to be subsequently written up and delivered. It will be presumed that the

parties contemplate such form of policy, containing such conditions and limitations, as are usual in such cases.— *Eames v. Home Ins. Co., supra.* It is believed that in principle and upon authority there can be no doubt that a valid contract of insurance was fully consummated between the plaintiff and the defendant on September 19th, 1891, and was of force on the 21st of September, when the property was destroyed by fire.—*Van Loan v. Farmers Mutual Fire Ins. Co.*, 90 N. Y. 280; *Lingenfelter v. Phoenix Ins. Co.*, 19 Mo. App. 252; *Kelley v. Commonwealth Ins. Co.*, 10 Bosw. 82; *Hallock v. Commercial Ins. Co.*, 2 Dutcher (N. J.) 268, s. c. 3 Dutcher (N. J.) 645; *Davenport v. Peoria M. & F. Ins. Co.*, 17 Iowa, 276; *Long v. N. B. & M. Ins. Co.*, 137 Pa. St. 335, s. c. 21 Am. St. Rep. 879, and notes, 883; *Eames v. Home Ins. Co.*, 94 U. S. 621, *supra*.

We do not think the complaint open to the objections taken to it by the demurrer. The dates which are left blank in the complaint appeared from papers in the possession of the defendant, and this would excuse their omission from the complaint where, as here, the complaint otherwise sufficiently shows that the contract sued on covered the time of the loss, the averment being that the contract was made on some day in September, 1891, prior to September 21st, for a period of one year, and that the fire occurred on said 21st day of September, 1891.

The judgment of the city court is affirmed.