[Nashville, Chattanooga & St. Louis Railway v. Bates.]

statutes specifying what instruments are governed by
commercial law a bank check is in effect a bill of ex-
change.—*First Nat. Bank v. Nelson*, 105 Ala. 180; *Mor-
ris v. Eufaula Nat. Bank*, 122 Ala. 580.

- Reversed and remanded.


# Nashville, Chattanooga & St. Louis Railway *v*. Bates.

*Action by Passenger against Common Carrier for
Ejection from Train.*

1. *Pleading and practice; when ruling upon demurrer without in-
   jury.*—Where a special plea sets up no matter in defense which
   is not available under the plea of the general issue, and
   amounts to nothing more than a denial of the plaintiff's cause
   of action, if error occurs in sustaining a demurrer to such
   plea, it is error without injury.
2. *Same; insufficient pleas.*—In an action by a passenger against a
   railroad company to recover damages for the alleged wrong-
   ful ejection of plaintiff from the defendant's train, several
   pleas seeking to set up a defense to the action, which do not
   deny the allegations of the complaint and are not good as
   pleas in confession and avoidance, are insufficient and subject
   to demurrer.
3. *Bill of exceptions; will not be considered when not signed by
   judge.*—A bill of exceptions which was never signed by the
   presiding judge, and is not established as provided by statute,
   will not be considered in the review of the case by the Supreme
   Court, although there was an agreement of counsel that the
   same should be considered and treated as a bill of exceptions
   in said cause; such agreement being entered into by reason
   of the judge who presided in said cause having died before
   the bill of exceptions was prepared.

APPEAL from the Circuit Court of Madison.
Tried before the Hon. H. C. SPEAKE.
This was an action brought by the appellee against
the appellants. The complaint contained three counts.
The first count of the complaint was as follows: "The

plaintiff claims of the said defendants, one thousand dollars, damages, because the said defendant was on and prior to April 16th, 1898, engaged in the business of a common carrier and a carrier of passengers, between Elero, Tennessee, and Huntsville, Alabama, and as such was running trains propelled by steam to and from Elero, Tennessee, to Huntsville, Alabama, upon its railroad known as the Nashville, Chattanooga & St. Louis Railroad, a part of which runs through Madison county, Alabama, and on and prior to said 16th day of April, 1898, the said defendant had been and was accustomed to run from said Elero, Tennessee, to Huntsville, Alabama, a certain train composed in part of cars for carrying freight and in part of cars for carrying people, or passenger coaches, it had been and was accustomed to carry passengers for hire between said points, and which said train reached New Market, a station between said points in Madison county, Alabama, on said day at about 9 o'clock A. M., and on said day plaintiff purchased from the ticket agent of defendant, one Lansden, a ticket from said station at New Market to Huntsville, Alabama, for which he paid fifty-five cents, the amount demanded therefor by said agent, and bought said ticket for the purpose of becoming a passenger and going on said train from New Market to Huntsville, Alabama, and said ticket was so sold to plaintiff by said agent, who assured him that he (plaintiff) could become a passenger and make said trip on said train, and plaintiff waited at said station from about a quarter to nine o'clock, when he purchased said ticket, about 9 o'clock A. M., when said train arrived at said station of New Market, and was assured by said agent, in the mean time that he could make such trip on said train, and at 9 o'clock said train arrived, and plaintiff having said ticket got upon and into one of the passenger coaches thereof, which was open and in order and proper condition for the reception of passengers, and before said train left New Market, the conductor, one Tobe Smith, although plaintiff had showed him his ticket which was in all respects legal and entitled him to passage and made him aware of the assurances given him (plaintiff) by the ticket agent

that he could ride on said train, unlawfully, wrongfully, wantonly and without regard to the rights of plaintiff, refused to allow him to ride on said train, and required him to leave said train and told him if he did not do so he would put plaintiff off by force, and plaintiff was against his will forced to leave said train and was laughed at by the conductor and brakeman and the agent, and thereby treated with indignity, and was greatly inconvenienced as he was unable to reach Huntsville in time to take the west-bound train for Memphis, where he had an important business engagement, which he was thereby prevented from filling, and lost the entire day in waiting for said train, and was forced to buy another ticket, the time within which the first one was good having expired before a train arrived at New Market on which he was permitted to travel, to plaintiff's damage one thousand dollars, hence this suit."

The defendant demurred to the complaint, and to each count thereof, upon the following grounds: 1. That there is not shown in the complaint a cause of action against the defendant, in that said complaint fails to aver that the ticket which was purchased by the plaintiff entitled him to ride on the train which he attempted to board. 2. Said counts of the complaint fail to aver that the train upon which the plaintiff endeavored to ride was for the purpose of carrying passengers at the time plaintiff offered to ride thereon. This demurrer was overruled. Thereupon the defendant pleaded the general issue and the following special pleas: "2. That on the 16th day of April, 1898, the day on which the plaintiff endeavored to get transportation on the train named in the complaint, said train was not being run for the transportation of passengers, but only for the transportation of freight, and the plaintiff had no right to ride thereon." "3. The passenger coach upon which the plaintiff endeavored to ride upon the ticket purchased by him, was at the time being transported in connection with a freight train, but not for the transportation of passengers, and there was at the time said plaintiff endeavored to board said train a rule of the defendant company, in existence and in force that no passen-

29c

gers should be carried upon said train, and the conductor in refusing to permit the plaintiff to travel thereon was acting within the scope of the said rule." "4. At the time the plaintiff endeavored to ride upon the train of the defendant, the conductor had no knowledge of the alleged statements made by the agent of the defendant to the plaintiff, and the said train was being run for the transport tion of the freight alone, and the said conductor in refusing to permit the plaintiff to ride thereon was acting within the scope of a rule of defendant company, which prohibited passengers from riding upon said train." "5th. The ticket purchased by the plaintiff was an unlimited ticket, and was good for passage until it was used, and if any loss occurred on account of the purchase of said ticket, it was because the plaintiff failed to present it to the defendant for passage on the train on which he came to Huntsville, and if so presented it would have been good for his said passage, or on any passenger train."

To these pleas the plaintiff demurred upon the following grounds:. 1. They each fail to deny that it had been the custom of the defendant to carry passengers upon said train upon which the plaintiff was refused passage. 2. Said pleas each fail to deny that defendant's agent sold plaintiff the ticket for the purpose of taking passage on said train upon which he was denied passage.

To the fifth plea the plaintiff demurred severally upon the ground that whether the ticket was presented or not would not affect plaintiff's right to recover, but merely cause to show whether the value of the ticket was lost to plaintiff or not. These demurrers were sustained.

The cause was tried upon issue joined upon the plea of the general issue. The bill of exceptions in this case was not signed by the judge who tried the cause, but at the end of the bill of exceptions there was the following agreement of counsel, which was signed by counsel for the defendant and the plaintiff within the time allowed by the order of the court for preparing and having signed a bill of exceptions in said cause: "The Hon.

[Nashville, Chattanooga & St. Louis Railway v. Bates.]

H. C. SPEAKE, the judge who tried this case having died before the bill of exceptions was signed, it is hereby agreed by and between the parties by their attorneys of record, that the foregoing pages, purporting to be a bill of exceptions, is a correct bill of exceptions in this cause, and shows all matters ocurring in the trial not otherwise appearing of record, and it is further agreed that this bill of exceptions shall be filed by the clerk of the circuit court of Madison county, and shall become a part of the record in this case, and shall be entered in the record for the Supreme Court as a part thereof and shall be received by the Supreme Court as the true bill of exceptions in the case, as if the same had been established in the Supreme Court as provided by law."

There was judgment in favor of the plaintiff, assessing his damages at $50. The defendant appeals, and assigns as error the several rulings of the trial court to which exceptions were reserved.

OSCAR HUNDLEY, for appellant, cited *McGhee v. Reynolds*, 117 Ala. 413; *McGhee v. Cashin*, 130 Ala. 561; *L. & N. R. R. Co. v. Hine*, 121 Ala. 234; *Johnson v. Railroad Corporation*, 46 N. H. 213.

S. S. PLEASANTS and DOUGLASS TAYLOR, *contra.*—It is undoubtedly the law that, generally speaking, a railroad company has the right to refuse to carry passengers upon its freight trains, but where a company is accustomed to carry passengers upon such trains, its duties to receive and carry such persons as offer themselves, are of the same character as in the case of its regular passenger trains.—*Chicago, etc. R. R. Co. v. Flag*, 92 Am. Dec. 133; *Edgerton v. N. Y. & Harlem R. R.*, 39 N. Y. 227; 5 Am. & Eng. Enc. of Law (2d ed.), 540. And even if the company has not been accustomed to carry passengers on its freight trains, if the ticket agent sells a person a ticket and assures him he can ride on such train, though there may be a regulation of the company prohibiting such travel, this will impose upon the company the customary liabilities of carriers of passengers.—*Dunn v. Grand Trunk Ry.*, 4 Am. Rep. 267; *Lake Shore & M. S. R. Co. v. Brown*, 14 N. E. 197;

s. c. 123 Ill. 162; 5 Am. & Eng. Enc. of Law (2d ed.), 540.

DOWDELL, J.—The complaint alleges a wrongful ejection of the plaintiff from the defendant's train by the conductor, and upon which the plaintiff had purchased a ticket to ride. The damages claimed are based upon the wrongful act, and the action is clearly one in tort.

The assignment of error based on the ruling of the court on the defendant's demurrer to the complaint is not insisted on in argument. Moreover, we think the complaint states sufficiently the cause of action, and the demurrer was without merit.

The defendant filed five pleas, the first being the general issue. Demurrers were sustained to the 2d, 3d, 4th and 5th pleas, and this action of the court constitutes appellant's second assignment of error on the record. The second plea, to which demurrer was sustained amounted to nothing more than a denial of the plaintiff's right on the train. It set up no matter in defense of the act, which was not available under the plea of the general issue. Every benefit the defendant could possibly have under this plea was likewise open to it under the plea of the general issue. So if there was error in sustaining the demurrer to the plea, it was clearly error without injury. See *L. & N. R. R. Co. v. Hall*, 131 Ala. 161, and authorities there cited.

The 3d, 4th and 5th pleas are manifestly bad. They are not good as pleas in confession and avoidance, nor do they, or either of them, deny the allegations of the complaint. The court properly sustained the demurrers to these pleas.

The remaining assignments of error are based upon matters arising in what appears in the transcript, and was intended, to be a bill of exceptions. That which in the transcript purports to be a bill was never signed by the presiding judge. It is attempted to be made a part of the record, as a bill of exceptions, by the agreement of counsel. This cannot be done. This subject is controlled by the statute. The statute provides in cases of failure or refusal of the judge to sign a bill of exceptions, how the same may be established. Unless

the bill of exceptions becomes a part of the record pursuant to the requirements of the statute, it cannot be looked to or considered for any purpose. Such being the case there is nothing to support these assignments.

We find no error in the record, and the judgment must be affirmed.