# Louisville & Nashville R. R. Co. *v.* McCool.

## *Detinue.*

(Decided May 19, 1910. 52 South. 656.)

1. *Appeal and Error; Review; Matters Not in Record.*—Where the demurrers do not appear in the record rulings on them cannot be reviewed on appeal.

2. *Same; Harmless Error; Pleading.*—Where the matter set up by special pleading can be shown under the general issue, it is harmless error to sustain demurrers to the special plea.

3. *Pleading; Demurrer; Portion of Count or Plea.*—Demurrer does not lie to a portion of a count or plea except in suits on bonds assigning special breaches.

4. *Carriers; Delivery of Goods; Evidence.*—Where the consignee brings detinue for freight against a carrier and when he demands the freight he had no bill of lading and refused to pay the invoice price of the freight or show his ownership, it was a defense that could be shown under the general issue.

APPEAL from Montgomery City Court.

Heard before Hon. WILLIAM H. THOMAS.

Action by J. M. McCool against the Louisville & Nashville Railroad Company. Judgment for plaintiff, and defendant appeals. Affirmed.

The action was detinue for certain articles shipped over the Louisville & Nashville line, and alleged to be in their freight depot at Montgomery. Plea 2 is as follows: "The defendant avers that it was, on, to wit, October 16, 1908, a common carrier; that it received on October 10, 1908, at its office in the city of Montgomery the property sued for and consigned to plaintiff; that on, to wit, October 15, 1908, plaintiff called, through his agent, at the warehouse of defendant in the city of Montgomery and demanded the property sued for; that on this occasion plaintiff had no bill of lading; that defendant demanded a bill of lading from plaintiff be-

fore delivering the property sued for; that plaintiff refused to show a bill of lading for the property sued for; that defendant thereupon offered to deliver property to plaintiff upon plaintiff's paying the invoice price of the property sued for, and that plaintiff refused to do this; that defendant thereupon offered to deliver the property sued for to plaintiff, upon plaintiff's offering satisfactory evidence of ownership in plaintiff."

The demurrers were as follows: "(1) Now comes the plaintiff and demurs to that portion of the defendant's second plea wherein this plea says "defendant demanded the bill of lading from plaintiff before delivery of the property sued for; that plaintiff refused to show the bill of lading for the property sued for,—and assigns as his ground of demurrer that there was no legal obligation resting on plaintiff to show any bill of lading for the goods sued for. (2) Plaintiff demurs to that portion of the defendant's second plea reading as follows: 'That the defendant offered to deliver the property to plaintiff upon plaintiff paying the invoice price of the property sued for, and that plaintiff refused to do this' —and assigns as his ground of demurrer that there was no legal obligation resting upon the plaintiff to pay the defendant the invoice price of the property sued for. The only duty resting upon plaintiff was to pay on demand the amount of freight due according to the legal classifications and rates, or to show that the freight had been prepaid. This duty being done, the duty of the defendant was to deliver the property in controversy to the plaintiff." The demurrers were filed March 31, 1909. Other demurrers were as follows: "(1) Said plea is no answer to plaintiff's complaint. (2) It does not state whether plaintiff offered satisfactory evidence or not." Other demurrers filed to the plea as a whole raise

the same question as those set out in demurrers number-ed 1 and 2 above.

GOODWYN & McINTYRE, for appellant. The plea set up a good defense under section 5546, Code 1907.—*L. & N. v. Barkhouse,* 100 Ala. 543; *Walker v. L. & N.,* 111 Ala. 233.

WARREN S. REESE, for appellee. The railroad com-pany had no legal right to refuse to deliver the goods to McCool, regardless of the fact that he had no bill of lading.—*Evans v. Marlett,* 1 Lord Raymond, 271; *Law-rence v. Minturn,* 17 How. 100; 2 A. & E. Enc. of Law, 242. The replication to the plea was good.—*M. & E. R. R. Co. v. Hobb,* 73 Ala. 396; *Neb. M. Mills v. St. Louis S. E. Ry. Co.,* 38 L. R. A. 358.

McCLELLAN, J.—Detinue by appellee for chattels in possessin of the appellant as a common carrier and consigned to appellee. The appeal is on the record, only; and the assignments of error insisted upon in brief for appellant relate, alone, to rulings sustaining demurrers to peas 2, 3, and 4.

There are no demurrers assailing pleas 3 and 4, set out in the transcript. Hence, assignments predicated on these rulings cannot be reviewed.—1 May. Dig. p. 181, subhead 945. We are, hence, remitted to a considera-tion of the propriety of the action of the court in sus-taining demurrers to plea 2. This plea, as well as the demurrers thereto, will be set out in the report of the appeal.

The demurrers, evidently written on separate papers, were filed on the same day. Taking them in the order in which they appear in the transcript, the first two assail, quoted in their caption, parts only of the plea. Demurrer does not lie to a part of a count or plea, ex-

[Knox & Co. v. Parker.]

cept in suits on bonds assigning special breaches.—
*Hester v. Ballard,* 96 Ala. 410, 11 South. 427; *A. G. S.
R. R. Co. v. Tapia,* 94 Ala. 226, 10 South. 236; *Corpen-
ing Co. v. Worthington & Co.,* 99 Ala. 541, 12 South.
426—among others.

If the matter alleged in plea 2 would bar the plain-
tiff's right to recover, it is evident that such matter
could have been shown under the general issue plead-
ed in the cause. Under such circumstances, no prejudi-
cial error, to defendant, resulted from the sustaining of
demurrer to special plea 2.—*N. C. & St. L. Ry. v. Bates,*
133 Ala. 447, 32 South. 589; *Bennett v. Brooks,* 146 Ala.
490, 41 South. 149; *Tallassee Falls Co. v. Moore,* 158
Ala. 356, 48 South. 593; *Meyer Drug Co. v. Puckett,* 139
Ala. 331, 35 South. 1019; *Southern Railway Co. v. Wil-
son,* 138 Ala. 510, 522, 35 South. 561.

The judgment is affirmed.

Affirmed.

DOWDELL, C. J., and ANDERSON and SAYRE, JJ., con-
cur.