# Wade *v.* The State.

### *Violating Prohibition Laws.*

(Decided Jan. 12, 1911.　54 South. 171.)

1. *Appeal and Error; Review; Record; Bill of Exceptions.*—Where demurrers to the affidavit charging the offense are not set out in the record proper, a reference thereto in the bill of exceptions will not authorize this court to review, on appeal, the action·of the trial court on such demurrer.

[Wade v. The State.]

2. *Intoxicating Liquors; Offense; Sale; Evidence.*—Where the prosecution was for violating the prohibition law, it was not error to decline to exclude the original testimony of the witness that he bought the whisky from the defendant, because on the cross examination it was shown that witness handed the money to a negro who went with him to pay for the whisky, since the act was that of the witness, and the purchase was by him, although nothing was said.

3. *Same.*—Where a principal, who was present and was about to purchase whisky in violation of law, handed the money over to an agent with directions to hand the money to the seller, and the seller handed the whisky to the defendant, who had furnished the money in the seller's presence, there was a sale to the principal and it was immaterial whether the buyer knew to whom the whisky belonged.

APPEAL from Walker Law and Equity Court.

Heard before Hon. T. L. SOWELL.

Tom Wade was convicted of violating the prohibition law and he appeals. Affirmed.

POWELL & POWELL, for appellant. Counsel discuss the demurrers to the affidavit and cite authorities in support of their contention, but in view of what is said in the opinion it is not deemed necessary to here set them out. The court erred in overruling the motion to exclude the testimony of Jack Lambert, as it showed no sale.—86 Ala. 283.

ALEXANDER M. GARBER. Attorney General, for the State. The demurrers cannot be considered as they are not shown by the record. The court will not review the finding of the court on the facts, nor disturb the verdict unless there is a palpable failure of evidence to support it.—*Cobb v. Malone,* 97 Ala. 630; *Woodrow v. Hawving,* 105 Ala. 240.

SIMPSON, J.—The appellant was convicted of the offense of selling spirituous, vinous or malt liquors contrary to law. The demurrer to the affidavit is not set out in the transcript proper, and therefore the reference to it in the bill of exceptions is not sufficient to authorize this court to consider it.—*L. & N. R. R. Co.*

*v. McCooi,* 167 Ala. 644, 52 South. 656; *Sivoly v. Scott,* 56 Ala. 555.

There was no error in the refusal by the court to exclude the testimony offered by the state. The witness Lambert stated distinctly that he bought the whisky from the defendant. The fact that the witness stated, on cross-examination, that he handed the money to the negro who was with him to pay for the whisky, did not make the buying any less his act. He went with the negro to the place of purchase, was present when the negro got the whisky for him, and paid his money for it according to his directions. This was a purchase by him. It matters not that nothing was said. His agent, standing in his presence, according to his directions, handed the money to defendant, and defendant handed the whisky to said agent in his presence. That constitutes a sale, and it is not material whether the witness knew to whom the whiskey belonged. The defendant made the sale.

The judgment of the court is affirmed.

Affirmed.

DOWDELL, C. J., and McCLELLAN and MAYFIELD, JJ., concur.