(75 South. 179)

## MOSS v. STATE.    (6 Div. 177.)

(Court of Appeals of Alabama.    April 3, 1917. Rehearing Denied May 15, 1917.)

1. CRIMINAL LAW ⬤═➣1088(7) — APPEAL — SCOPE OF REVIEW—RECORD—SUFFICIENCY.

Assignments of error, predicated on order overruling demurrers, cannot be considered when the demurrers are not in the record.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. § 2791.]

2. CRIMINAL LAW ⬤═➣295—DEFENSES—FORMER JEOPARDY.

On a plea of former jeopardy, the burden of proof is on the defendant to reasonably satisfy the jury of the truth of his plea.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 674–678.]

3. CRIMINAL LAW ⬤═➣296—TRIAL—CONDUCT.

Defendant, in prosecution for murder, is entitled to separate trial on his plea of former jeopardy, but, having had a separate trial, it was not necessary that a new jury should be drawn to pass upon the other issues.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 679–681.]

4. CRIMINAL LAW ⬤═➣200(8)—FORMER JEOPARDY—IDENTITY OF OFFENSES—HOMICIDE.

Where a man kills two men in quick succession with a formed design as to each, there are two offenses, but where the killing is pursuant to, and a continuation of, the assault, and done under the impulse of the same design, it is but one act.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 408, 409.]

5. CRIMINAL LAW ⬤═➣295 — FORMER JEOPARDY—EVIDENCE—IDENTITY OF OFFENSES.

In prosecution for murder, where defendant claimed that he shot deceased in the course of the difficulty with another, and while shooting at the other, without intention to harm deceased, who was an innocent bystander, and that he had been tried for the murder of the other and acquitted, evidence fixing the identity of the former charge and the acquittal should have been admitted.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 674–678.]

Appeal from Criminal Court, Jefferson County; A. H. Alston, Judge.

Andy Moss was convicted of murder in the second degree, and he appeals. Reversed and remanded.

The defendant in this case was tried in the criminal court of Jefferson county under an indictment charging him with murder in the first degree, in that he had killed Barton Haggerty by shooting him with a pistol. On the trial of the cause the defendant pleaded former jeopardy, which defense he set up in 18 different pleas. It appears from the judgment entry that the court sustained demurrers to all of these pleas except pleas 7, 17, and 18, and overruled demurrers to pleas 7, 17, and 18, but the demurrers are nowhere set out in the record.

The issue of former jeopardy was first submitted to the jury; and, upon the evidence, the issue was found against the defendant's contention. Thereupon the trial proceeded to judgment and conviction, and

---

there was verdict and judgment convicting the defendant of murder in the second degree and fixing his punishment at ten years in the penitentiary.

It appears from the bill of exceptions and the record that on the 1st day of February, 1912, the defendant was indicted for murder in the first degree for the alleged killing of George Cook. On the same date and by the same grand jury, he was indicted for murder in the first degree for the killing of Barton Haggerty. On the 25th day of January, 1913, the defendant was put on trial for the murder of George Cook, and after due trial was acquitted. The testimony tends to show, and is practically without conflict, that at the time the deceased George Cook was killed, he was in a drug store at North Birmingham; that the defendant, who was passing by or approaching the drug store, fired four shots from a double action pistol in quick succession, all of which shots were fired at Cook. The deceased, Barton Haggerty, was an innocent bystander, unknown to the defendant, and had no interest in the controversy; but from all the testimony it appears that one of the bullets fired by the defendant struck Haggerty in the head and killed him. The other facts necessary to a decision in this case are sufficiently stated in the opinion.

Erle Pettus, of Birmingham, for appellant. W. L. Martin, Atty. Gen., and Harwell G. Davis, Asst. Atty. Gen., for the State.

SAMFORD, J. [1] There are no demurrers in the record assailing the pleas; hence assignments of error predicated on these rulings cannot be reviewed by this court. L. & N. R. R. Co. v. McCool, 167 Ala. 645, 52 South. 656; Wade v. State, 170 Ala. 33, 54 South. 171; Carland & Co. v. Burke, 197 Ala. 435, 73 South. 10; 2 Mayf. Dig. 181, subd. 945.

[2] On a plea of former jeopardy, the burden of proof is on the defendant to reasonably satisfy the jury of the truthfulness of the plea. The decisions as to the burden of proof in cases of self-defense do not apply to pleas of former jeopardy. Oakley v. State, 135 Ala. 34, 33 South. 693.

[3] The defendant was entitled to, and in this case had, a separate trial on the issue tendered. Under the practice in this state, the issue is first submitted; and, if found against the defendant, the trial proceeds. The jury is selected to pass upon the issues in the case, and the plea of former jeopardy is one of the issues, and it is not necessary that a new jury should be drawn for the purpose of passing upon the other issues. Parsons v. State, 179 Ala. 23, 60 South. 864; Barber v. State, 151 Ala. 56, 64, 43 South. 808, and authorities there cited.

Upon the submission of the issue of former jeopardy as submitted to the jury, the defendant presented two theories, both of which are raised by charges asked in writing. The first theory is that the same shot that killed Cook killed Haggerty, and, if this is so, and the defendant had been tried and acquitted for the killing of Cook, then he must be acquitted for the killing of Haggerty. The court agreed with the defendant upon that theory, and charges were given by the court in line therewith. The second theory is that, whether the same shot killed both men or not, it was the same act in the same difficulty and in pursuit of the same purpose and intent; and, as the state could not be required to elect in the first trial as to which shot killed Cook, but considered and treated all four shots as one and the same transaction, by the same token, the defendant in this case must be permitted to treat all four shots as a part of his purpose and design and intent in defending himself in the difficulty with Cook which resulted in Cook's death.

[4] It may be conceded—and it is the law —that where a man kills two men in quick succession with a formed design as to each man, it is two offenses. But where the killing is pursuant to and "is a continuation of the assault, and done under the impulse of the same design," it is but one act. It, therefore, follows, if Moss, without any design or intention, killed an innocent bystander while engaged in defending his own life or limb, under such circumstances as would justify him in so doing, and a court of competent jurisdiction had so held and acquitted him upon the charge, he cannot again be put in jeopardy for the same offense.

In the case of Ellis v. State, the defendant fired three separate shots. The defendant moved that the state elect for which of the shots it would prosecute; but the court said:

"The evidence tended to show that the three shots followed each other in instantaneous succession * * * and 'might justly be regarded as but a continuation of the assault and done under the impulse of the same design,' and in execution of the same intent." Ellis v. State, 105 Ala. 74, 17 South. 119.

In Meadows' Case, McClellan, C. J., says:

"There must be such immediate relation between the two acts of shooting as that the last can be said to be in a train of continuation of the first, actuated by a purpose which is common to both, and continuing accompanied by effort to effectuate it from and covering the first act to and embracing the second act." Meadows v. State, 136 Ala. 75, 34 South. 183.

It is true that the same person may at the same time and in the same transaction commit two or more distinct criminal offenses; as in an affray a person shoots and kills one person, and by a second act shoots and wounds another; but each act must necessarily separately have all the elements of a crime, and each must be a separate act. But if a person, by the act of defending himself, fires four shots as one continuing act with the same purpose and intent and at the same person, and in so doing accidentally kills an innocent bystander, he can only be tried for one offense.

It follows, therefore, that the charges predicated on this theory should have been given, and the court committed error in not so doing.

[5] Under the views above set out, it also follows that the evidence necessary to a fixing of the identity of the former charge and the acquittal thereunder should have been admitted; and the exclusion of this testimony by the court was also error.

For the errors above pointed out, the judgment of the lower court is reversed and the cause remanded.

Reversed and remanded.