(98 South. 880)

### LIVERPOOL & LONDON & GLOBE INS. CO., Limited, v. McCREE. (6 Div. 954.)

(Supreme Court of Alabama. Jan. 17, 1924.)

**1. Appeal and error ⚙⇒680(2)—Absence of demurrer to plea in abatement from record proper, prevents review of order overruling it.**

If demurrer to defendant's plea in abatement has been overruled, absence of demurrer from record proper prevents review of rulings thereon.

**2. Appeal and error ⚙⇒680(2)—On sustaining demurrer to plea in abatement absence of demurrer from record does not prevent review.**

Where demurrer to pleas in abatement has been sustained, absence of demurrer in the record proper does not prevent review, and the Supreme Court must search the pleading to ascertain if tenable ground of demurrer exists.

**3. Insurance ⚙⇒640(4)—Not necessary that plea negative giving of extension of time for giving report on fire.**

In action to recover value of cotton alleged to have been insured against loss by fire, pleas in abatement reciting that if fire occurred, insured, within 60 days thereafter, unless such time was extended in writing by insurer, should have rendered statement to insurer regarding such fire, were sufficient without negativing the giving of an extension of time for the required reports.

**4. Insurance ⚙⇒629(2)—Defendant may by demurrer insist that it be informed as to nature of contract sued on.**

In action to recover for value of cotton alleged to have been insured against loss or injury by fire, defendant by demurrer had right to insist that it be informed in the complaint as to whether the contract of insurance was verbal or written.

**5. Insurance ⚙⇒629(1)—Count on "policy of insurance" imputes a written policy.**

A count on a policy of insurance imputes that the contract of insurance was in writing and founded on a valuable consideration.

**6. Insurance ⚙⇒128(1)—Agreement for policy to be subsequently written up presumed to contemplate usual conditions and limitations.**

An agreement for policy to be subsequently written up and delivered will be presumed, in absence of stipulations to the contrary to contemplate such form of policy containing conditions and limitations as are usual for insurer to issue or in policies previously used by the parties.

**7. Insurance ⚙⇒124—Contracts of insurance similar to other contracts.**

Insurance contracts do not differ as to fundamental requirements from other contracts; the minds of the parties must meet in regard to essential parts of the agreement, whether the contract be written or oral.

**8. Insurance ⚙⇒128(1), 131(1)—Oral contracts sustained.**

The power to make oral contracts of insurance as well as agreements to insure is sustained in this jurisdiction.

**9. Insurance ⚙⇒640(4)—Demurrers improperly sustained to pleas setting up lack of notice of loss.**

In action to recover value of cotton alleged to have been insured against loss or injury by fire, demurrers were improperly sustained to pleas setting up lack of notice to insurer of such loss.

Appeal from Circuit Court, Jefferson County; Roger Snyder, Judge.

Action by J. C. McCree against the Liverpool & London & Globe Insurance Company, Limited. From a judgment for plaintiff, defendant appeals. Reversed and remanded.

Counts 1 and 2 of the complaint are as follows:

"(1) Plaintiff claims of the defendant the sum of thirty-five hundred dollars ($3500.00) with interest thereon as damages for the value of certain cotton in bales, contained in the Dadeville Union Ware House at Dadeville, Alabama, which the defendant on, to wit, the 11th day of June, 1919, insured against loss or injury by fire or other perils for the term of six months, which property was wholly destroyed by fire, on, to wit, the 27th day of September, 1919, and of which the defendant had had notice.

(2) The plaintiff claims of the defendant twenty-five hundred dollars ($2500.00) with interest thereon, the value of a certain lot of cotton, which the defendant on, to wit, the 11th day of June, 1919, insured against loss or injury by fire for the term of six months, which cotton was wholly destroyed by fire on, to wit, the 27th day of September, 1919, and of which the defendant had had notice."

Pleas 2, 5, and 10 set up the provision of the contract sued on that, "if fire occurs, the

insured shall give immediate notice of any loss thereby in writing to this company," etc.; and it is alleged that plaintiff did not give immediate notice of the loss here complained of, in writing to this company, after the loss occurred.

Coleman, Coleman, Spain & Stewart, of Birmingham, for appellant.

Failure to notify company of loss is a bar to suit. If insured does not, within 60 days after loss, furnish to the company sworn proof of loss as required by the terms of the policy, then such failure, when specially pleaded, constitutes a bar to the action. Fire Insurance Co. v. Felrath, 77 Ala. 194, 54 Am. Rep. 58; Central Ins. Co. v. Oates, 86 Ala. 558, 6 South. 83, 11 Am. St. Rep. 67; Feibelman v. Manchester Assurance Co., 108 Ala. 180, 19 South. 540; 26 C. J. 368, 471; 5 Joyce on Insurance, 5470; Blumberg Shoe Co. v. Phœnix Assr. Co., 203 Ala. 551, 84 South. 763; 7 Cooley's Briefs on Ins., p. 1666. Where there is a parol contract of insurance, it will be presumed that the parties contemplate that the terms, conditions, and limitations of such form of policy as is usual in such cases will apply. Hartford Fire Ins. Co. v. King, 106 Ala. 519, 17 South. 707; Stephenson v. Allison, 165 Ala. 238, 51 South. 622, 138 Am. St. Rep. 26; 14 R. C. L. 882; 26 C. J. 50; 1 Joyce, p. 182; Cooley's Briefs, p. 3744. Demurrer having been sustained to pleas, and the demurrer not set out in the record, it will be presumed there were grounds pointing the defect, if the pleas are insufficient. Leverett v. Garland Co., 206 Ala. 556, 90 South. 343; Vogler v. Manson, 200 Ala. 351, 76 South. 117; Richardson v. Mertins, 175 Ala. 309, 57 South. 720.

Black, Harris & Foster, of Birmingham, for appellee.

When demurrers are sustained to a plea, and the record shows no grounds of demurrer assigned, the action of the court cannot be reviewed. Rosenberg v. Claflin, 95 Ala. 250, 10 South. 521; Burgess v. Martin, 111 Ala. 656, 20 South. 506; 1 Michie's Digest Ala. Rep. 445. The error on pleadings must be shown by appellant to effect his substantial rights. If there is error without injury to the appellant, it will not work a reversal of the case. Walker v. Fletcher, 16 Ala. App. 218, 77 South. 56; Rule 45 of the Supreme Court; Shelby Iron Co. v. Bierly, 202 Ala. 422, 80 South. 806; Sov. Camp v. Ward, 201 Ala. 446, 78 South. 824; Henderson v. T. C., I. & R. R. Co., 190 Ala. 126, 67 South. 414; Best Park & Amusement Co. v. Rollins, 192 Ala. 534, 68 South. 417, Ann. Cas. 1917D, 929. Failure to furnish proof of loss, according to terms of policy, is not a bar. Blumberg's Case, 203 Ala. 551, 84 South. 763. A verbal contract of insurance is good and binding and enforceable. Commercial Fire Ins. Co. v. Morris & Co., 105 Ala. 498, 18 South. 34; Liverpool & London & Globe Ins. Co. v.

Hinton, 116 Miss. 754, 77 South. 652; Home Ins. Co. v. Adler, 71 Ala. 516; Mobile Ins. Co. v. McMillan & Son, 31 Ala. 711; 14 R. C. L. 882; Nat. Life Ins. Co. v. Lokey, 116 Ala. 174, 52 South. 45; Sun Ins. Co. v. Mitchell, 186 Ala. 420, 65 South. 143.

THOMAS, J. The complaint, in two counts, is to recover damages for the value of cotton which defendant is alleged to have insured against loss or injury by fire, and which is alleged to have received damage by fire, within the period fixed in the contract of insurance.

The record shows that *"demurrers to defendant's plea in abatement are"* sustained, though no such demurrer is shown by the record; the demurrers sustained in the record are to the pleas in bar to the suit. (Italics supplied.) Defendant then pleaded in bar and attempted to set up the failure to furnish proof of loss, as contemplated in the alleged contract of insurance. These pleas were numbered 1 to 9, inclusive. Demurrers were sustained to pleas 2, 3, 5, and 8, and overruled as to plea 7. To the amended pleas 10 and 11 demurrers were sustained. The trial was had on counts 1 and 2 and pleas 1, 7, and 9, denying the existence of a binding contract to insure.

[1, 2] If demurrer had been overruled to defendant's "plea in abatement," the absence of that demurrer from the record proper would prevent a review by this court of the ruling thereon. Holley v. Coffee, 123 Ala. 406, 26 South. 239; J. C. Carland & Co. v. Burke, 197 Ala. 435, 73 South. 10; Wade v. State, 170 Ala. 32, 54 South. 171; Moss v. State, 16 Ala. App. 34, 75 South. 179. This is not the rule where demurrer is sustained. As to such ruling, in the absence of demurrer, we have to search that pleading to ascertain if a tenable ground of demurrer exists. Richardson v. Mertins, 175 Ala. 309, 57 South. 720; Leverett v. Garland, 206 Ala. 556, 90 South. 343; Vogler v. Manson, 200 Ala. 351, 76 South. 117.

Decisions that are said to shed light on this question are O'Neal v. Simonton, 109 Ala. 369, 19 South. 8; Hobbie & Teague v. Andrews, 111 Ala. 176, 19 South. 974; Burgess & Co. v. Martin, 111 Ala. 656, 20 South. 506. These cases were subject to the rule requiring of counsel an abstract of the record. In the case of Rosenberg v. Claflin Co., 95 Ala. 249, 10 South. 521, the ruling, it was declared, if error, was without injury. Collins v. A. G. S. R. Co., 104 Ala. 390, 16 South. 140; Jones' Adm'r v. A. M. R. Co., 107 Ala. 400, 18 South. 30; Horan v. Gray & Dudley Hdw. Co., 159 Ala. 159, 48 South. 1029; Vogler v. Manson, 200 Ala. 351, 76 South. 117. In Park v. Lide, 90 Ala. 246, 7 South. 805, the docket memorandum of the chancellor, "demurrer overruled," was not embraced in the formal decree. So of Sivoly v. Scott, 56 Ala. 555, and Alabama Power Co. v. Fergusen, 205 Ala. 204, 87 South. 796.

These authorities have no application to the question before us.

The case of L. & N. R. R. Co. v. McCool. 167 Ala. 644, 52 South. 656, contains the recital:

"There are no demurrers assailing pleas 3 and 4, set out in the transcript. Hence, assignments predicated on these rulings cannot be reviewed. * * * We are, hence, remitted to a consideration of the propriety of the action of the court in *sustaining* demurrers to plea 2." (Italics supplied.)

In the later case of Merrill v. Sheffield Co., 169 Ala. 242, 254, 53 South. 219, 223, is this statement:

"The demurrer to count 10 is not set out in the record; hence the court cannot be placed in error for *sustaining it*. The count is evidently defective and repugnant," etc. (Italics supplied.)

Thus did this court search the count for a tenable ground for the sustaining of the demurrer, and the presumption was indulged that the ruling would be rested on such tenable ground if it existed.

[3] The two pleas in abatement recite:

"This cause should abate and be dismissed out of this honorable court, for that, in the policy of insurance sued on in this cause it is covenanted and agreed that:

"'If fire occur the insured * * * within sixty days after the fire, unless such time is extended in writing by this company, shall render a statement to this company signed and sworn to by said insured, stating the knowledge and belief of the insured as to the time and origin of the fire; the interest of the insured and of all others in the property; the cash value of each item thereof and the amount of loss thereon; all incumbrances thereon; all other insurance, whether valid or not, covering any of said property; and a copy of all the descriptions and schedules in all policies; any changes in the title, use, occupation, location, possession or exposures of said property since the issuing of this policy; by whom and for what purpose any building herein described and the several parts thereof were occupied at the time of fire. * * * '"

It was not necessary that the pleas negative the giving of an extension of time for the required reports. It is shown in the minute entry that—

"The plaintiff's demurrers to *defendant's plea in abatement are* by the court heard and considered, whereupon it is ordered and adjudged by the court that said demurrers be and they are hereby sustained." (Italics supplied.)

The fair interpretation of the words in which the judgment entry is expressed made plain the fact that there was a specific ruling upon demurrer to each of the pleas in abatement, and the cases of Berger v. Dempster, 204 Ala. 305, 85 South. 392, Sims v. Ala. Water Co., 205 Ala. 378, 381, 87 South. 688, Alabama Power Co. v. Fergusen, 205 Ala. 204, 87 South. 796, and Alabama Chemical

210 ALA.—36

Co. v. Niles, 156 Ala. 298, 303, 47 South. 239, are without application. The *demurrers* are stated in the *plural*, and "are * * * *sustained*." (Italics supplied.) The reasonable interpretation thereof is that such were the respective rulings as to each of the pleas in abatement. We cannot say the said rulings are brought within the purview of Best Park & Amusement Co. v. Rollins, 192 Ala. 534, 68 South. 417, Ann. Cas. 1917D, 929; Henderson v. T. C. I. Co., 190 Ala. 126, 67 South. 414; Sov. Camp. v. Ward, 201 Ala. 446, 78 South. 824; Shelby Iron Co. v. Bierly, 202 Ala. 422, 80 South. 806. The certificate in evidence, and certified to this court for inspection, was a copy of the agent's account of insurance and a part thereof, and was not the completed contract of insurance, the terms and conditions of which are in the certificate referred to as "open policy A" which is "issued," etc. The pleas appear to be in bar to the action.

[4, 5] The overruling of demurrers to counts 1 and 2 is assigned as error. It is insisted that the counts follow the language of the Code, with the omission of the averment "and other perils in the policy of insurance mentioned." The defendant had the right by demurrer to insist that it be informed in said pleadings whether the contract of insurance was verbal or written. The words "policy of insurance" were not used in these counts. These words have a well-defined meaning (B. R. L. & P. Co. v. Littleton, 201 Ala. 141, 77 South. 565; Prudential Casualty Co. v. Kerr, 202 Ala. 259, 80 South. 97; Cherokee Life Ins. Co. v. Brannum, 203 Ala. 145, 150, 82 South. 175), and if they had been in the counts would have imputed that the contract of insurance was in writing and founded on a valuable consideration. If the insurance was verbal, or if the suit was on a contract to insure, the consideration was necessary to be averred, if insisted upon by demurrer. Cherokee Life Ins. Co. v. Brannum, 203 Ala. 145, 82 South. 175; Prudential Casualty Co. v. Kerr, supra. The seventh ground of demurrer challenged the sufficiency of the several counts in failing to allege that the suit was founded upon a "policy of insurance," or, if not, upon an agreement to insure or on parol insurance that was rested upon a consideration passing from plaintiff to defendant under said contract. B. R. L. & P. Co. v. Lipscomb, 198 Ala. 653, 73 South. 962. In the cases of Liverpool & London & Globe Ins. Co. v. Lowe, 208 Ala. 12, 93 South. 765, and Royal Exch. Assur. of London v. Almon, 202 Ala. 374, 80 South. 456, and 206 Ala. 45, 89 South. 76, the complaints were not challenged by like grounds of demurrer.

[6] Assignments of error challenge the sustaining of demurrers to pleas in bar, numbered 2, 5, and 10. In Central Ins. Co. v. Oates, 86 Ala. 558, 6 South. 83, 11 Am. St. Rep. 67, the provision for notice sought to be set up by the pleas was considered, and it was held to be an essential prerequisite to

the right of recovery by the assured, unless such compliance is waived by the insurer, to give "immediate notice" of the loss by fire. And pleas 3, 6, and 11 set out the provisions of the insurance relied on and denied compliance therewith by plaintiff. Fire Insurance Companies v. Felrath, 77 Ala. 194, 54 Am. Rep. 58; Feibelman v. Manchester Fire Assur. Co., 108 Ala. 180, 202, 19 South. 540. There is no difficulty as to the stipulations of the policy to be subsequently written up and delivered; "it will be presumed (in the absence of stipulations to the contrary) that the parties contemplated such form of policy containing such conditions and limitations as are usual in such cases" for the insurer to issue at the time or "in policies previously used by the parties." Hartford Fire Ins. Co. v. King, 106 Ala. 519, 523, 524, 17 South. 707; Comm. Fire Ins. Co. v. Morris & Co., 105 Ala. 498, 506, 18 South. 34; Stephenson v. Allison, 165 Ala. 238, 239, 51 South. 622, 138 Am. St. Rep. 26; Eames v. Home Ins. Co., 94 U. S. 621, 629, 24 L. Ed. 298, 301; Joyce on Insurance, p. 182, § 64; 1 May on Insurance (4th Ed.) § 59; 1 Cooley's Briefs, p. 374; 14 R. C. L. 882; 26 C. J. p. 50, § 38.

[7, 8] An insurance contract does not differ, as to its fundamental requirements, from other contracts; the minds of the parties must meet in regard to the essential parts of the agreement, whether the contract be written or oral. The power to make (1) oral contracts of insurance as well as (2) agreements to insure is sustained in this jurisdiction. Cherokee Life Ins. Co. v. Brannum, 203 Ala. 145, 82 South. 175; Royal Exch. Assur. of London v. Almon, 202 Ala. 374, 376, 80 South. 456; Insurance Co. of North America v. Williams, 200 Ala. 681, 687, 688, 77 South. 159; Sun Ins. Office of London v. Mitchell, 186 Ala. 420, 65 South. 143; Hartford Fire Ins. Co. v. King, 106 Ala. 519, 17 South. 707; Home Ins. Co. v. Adler, 77 Ala. 242; Ala. Gold Life Ins. Co. v. Mayes, 61 Ala. 163; Mobile, etc., Ins. Co. v. McMillan & Son, 31 Ala. 711. In Commercial Fire Ins. Co. v. Morris & Co., 105 Ala. 498, 506, 18 South. 34, 36, it is said:

"Where, however, there exists a contract of insurance, not expired, and there is an agreement between the parties to renew the policy, and no change is suggested or agreed upon, it will be implied that the renewal contract included and adopts all the provisions of the existing contract of insurance. Such a contract is complete in all respects, and upon failure to comply with the agreement, the party offending may be compelled, by bill in equity, specifically to perform the agreement, or held liable in a court of law for damages, resulting from a breach of the agreement. Mobile Marine Dock & Mut. Ins. Co. v. McMillan & Sons, 31 Ala. 711, supra; Home Ins. Co. v. Adler, 71 Ala. 524; Ala. Gold Life Ins. Co. v. Mayes, 61 Ala. 163, supra; 9 How. (U. S.) supra, p. 405;

Lancaster Mills v. Merchants Ins. Co., 89 Tenn. 1, supra."

[9] Demurrers were improperly sustained to said pleas in bar. The suit in Blumberg Shoe Co. v. Phœnix Assur. Co., 203 Ala. 551, 84 South. 763, sought to recover the statutory penalty; those were pleas in abatement, and held not to be subject to demurrer directed thereto.

It is unnecessary to discuss other questions raised, since the same may not occur on another trial.

Reversed and remanded.

ANDERSON, C. J., and SOMERVILLE and BOULDIN, JJ., concur.