22 So.2d 537

## LOVEJOY v. STATE.

### 6 Div. 359.

Supreme Court of Alabama.
June 7, 1945.

Wm. N. McQueen, Acting Atty. Gen., and Forman Smith, Asst. Atty. Gen., for the petition.

Earle Pettus, of Birmingham, opposed.

THOMAS, Justice.

This is a petition for certiorari to review and revise the opinion of the Court of Appeals in the above styled cause.

Upon careful consideration we are of opinion that the petition for certiorari should be denied. This judgment is not rested upon the first proposition considered by the Court of Appeals—proof that the defendant, on the identical indictment, had been previously tried on the charge of murder in the first degree and convicted of murder in the second degree. Parsons v. State, 179 Ala. 23, 60 So. 864; Moss v. State, 16 Ala.App. 34, 75 So. 179, certiorari denied, 200 Ala. 700, 76 So. 998. The petition for certiorari is denied, however, upon the following holding of the Court of Appeals:

"The next point of decision to be considered, is the exceptions reserved to the rulings of the court in not allowing, or permitting, defendant to introduce upon this trial the testimony of defendant's witness, Bennie Rutledge, who was absent from the State at the time this case was called for trial. A subpoena had been ordered for said witness, but had not been served and was returned 'not found.'

"The record in the case shows that the testimony of said witness Bennie Rutledge, taken on a former trial, was most material. He had been sworn as a witness, examined and cross-examined and his testimony reduced to writing and the record of the same was in court admitted by the Solicitor to be correct and the court reporter who took the testimony was there ready to verify the same. *This witness was admitted to be in the armed services of his country* and this put him beyond the jurisdiction of the court. In time of actual war he was not subject to the process of the court; and whether or not a subpoena could have been served upon him had he been in this country, there was no way for the court to enforce his attendance. However, the defendant was in possession of a V-mail letter written by this soldier to his sister, which letter was asking her to see about the care of his child. This letter was clearly admissible and the insignia, number and pass by censor on the same together with the fact that it was a V-mail showed conclusively that this soldier was overseas. There was evidence that he had disappeared from his home here and had not been seen and that he was in the army.

"In this situation the testimony given by this witness under oath on a former trial where he had been examined and cross examined was clearly admissible and most vital to the defendant's case. The court refused to admit the V-mail letter or to consider the same, to which exception was duly reserved, and sustained the objection to the admissibility of Bennie Rutledge's testimony. The court not only would not admit the testimony, but would not permit the defendant to show that it was impossible to have Bennie Rutledge served with subpoena; and refused to admit letter which would have been proof of his being overseas."

Upon this last stated ground, therefore, we are of opinion that, the petition for certiorari should be denied. So ordered.

Writ denied.

GARDNER, C. J., concurring specially.

FOSTER and STAKELY, JJ., concur.

GARDNER, Chief Justice (concurring specially).

I concur in the result, but find myself unwilling to disagree with the opinion of the Court of Appeals upon the matter of proof as to the plea of former jeopardy.

This second trial, as I construe the opinion, was in the same court wherein this defendant, on the identical indictment, had been previously tried on the charge of murder in the first degree and convicted of murder in the second degree. It is unquestionably true that one is not required to offer proof of that of which the court takes judicial knowledge, and that the court should properly take judicial knowledge of its own records. "Judicial notice of such facts takes the place of proof and is of equal force. It displaces evidence, since it stands for the same thing." 20 Am.Jur. p. 47. 31 C.J.S. Evidence, § 50, pp. 619, 620.

Judicial knowledge, without more, sufficed to sustain the plea, and I find myself in accord with the Court of Appeals that the ruling requiring more probably injuriously affected defendant's case.