# Jones *et al.* v. The State.

*Indictment for Murder.*

1. *Organization of jury; challenges.*—On a trial under an indicment for murder, the fact that a juror, who was on the special venire served on the defendant, was present in court and heard the evidence in the case against another person who was jointly indicted with the defendant, but who was tried separately on a severance and convicted, is not ground of challenge for cause, where such juror on his *voir dire* states that he had no fixed opinion as to the guilt or innocence of the defendant then being tried, and that what he had heard in the other case would not bias his verdict; the statute (Cr. Code of 1896, § 5017) providing that whether the juror has a fixed opinion as to the guilt or innocence of the defendant, which would bias his verdict, must be determined by the oath of the juror alone.

2. *Evidence; proof of character.*—Where the defendant in a criminal case has put his character for peace and quiet in issue, it is permissible for the State, on the cross-examination of the witnesses who testified to the defendant being a peaceable and quiet man, to ask them if they had not heard of a previous difficulty between the defendant and the deceased, in which the defendant assaulted him with a knife; and it is proper for the court to restrict the answer of the witness to a simple response to the question, and refuse to allow him to state any of the particulars of the difficulty.

3. *Same; admissibility of voluntary statements made by the defendant.*—On a trial under an indictment for murder, charging several persons with the commission of the crime, where there has been competent evidence introduced tending to incriminate all of the defendants with the killing of the deceased, a voluntary statement, made by one of the defendants several days after the commission of the offense, in which he gave the details of how the crime was perpetrated by the other defendants, but stated that, although he was present he took no part in the commission of the crime, is relevant and admissible in evidence; it being the province of the jury to determine whether or no such statements incriminate the defendant.

4. *Same; evidence as to what defendant testified at coroner's inquest admissible.*—On a trial under an indictment for murder, where it is shown that at the coroner's inquest held before there were any arrests made for the killing, and before there were any

charges preferred against any one, the defendant testified, without objection, it is competent for the State to show by the testimony of other witnesses that the testimony as given at the coroner's inquest by the defendant, was contradictory of the statements deposed to by him on the pending trial; and it is no objection to the admissibility of such evidence, that at the coroner's inquest, the defendant was excluded from the room when the other witnesses were being examined.

5. *Charge to the jury; reasonable doubt* —A charge which instructs the jury that "a reasonable doubt is a doubt for which a reason may be assigned," asserts a correct proposition of law, and the giving of such charge is free from error.

6. *Same; when two or more persons jointly indicted and tried* —On a trial under an indictment for murder which charges two or more persons with the commission of the crime, and there is evidence tending to connect all of the defendants with the homicide, a charge which instructs the jury that if they have a reasonable doubt, as to whether the deceased was killed by more than one man, they must acquit the defendants," is erroneous and properly refused, in that it ignores the tendencies of the evidence to show that while the fatal shot may have been fired by only one of the defendants, the others aided, or abetted or encouraged the killing.

APPEAL from the City Court of Montgomery.

Tried before the Hon. A. D. SAYRE.

The appellants, Richard Jones and Tom Freeman, were jointly indicted with Sam Jones for the murder of William Henry Durden. On motion of the defendants, Richard Jones and Tom Freeman, they were granted a severance from Sam Jones and were jointly tried. On the trial, the defendant, Richard Jones was convicted of murder in the first degree and sentenced to the penitentiary for life, and the defendant, Tom Freeman, was convicted of murder in the second degree and sentenced to the penitentiary for fifteen years.

The evidence for the State tended to show that the deceased was shot twice. That one of the shots was fired by Sam Jones and one by Tom Freeman, but that the killing was the result of preconcerted arrangements between Richard Jones, Sam Jones and Tom Freeman, and that they were present at the scene of the homicide.

The evidence for the defendants on the present trial,

tended to show that Sam Jones killed Durden by shooting him with a shot gun, and that neither of them was present at the time said Durden was killed.

Gus Brown, a witness for the State testified that he and one Myrick brought the defendants and Sam Jones to the county jail, in the city of Montgomery; that Sam Jones and Richard Jones were in charge of Myrick and that Tom Freeman was in charge of witness Brown; that while he and said Freeman were riding along together, and without his making any threats or promises, or offering any inducements, the defendant Tom Freeman told him, voluntarily, that Andrew Jones, Richard Jones and Sam Jones killed William Henry Durden; that he, Freeman, was present, but that he did not take any part in the killing whatever; that Sam Jones first shot Durden and that then Richard Jones shot him and that after Durden fell from his horse, both Sam and Richard Jones struck him several blows on the head.

The bill of exceptions recites that "This evidence was introduced only against the defendant Tom Freeman, and the court so instructed the jury." Thereupon the defendant Freeman moved to exclude the evidence of the witness Brown as to the conversation as above stated, on the ground that it was "irrelevant and did not tend to incriminate the said Freeman." The court overruled this motion, and the defendant Freeman duly excepted.

Mr. Amos Jones, a witness for the State, testified that he was present at the coroner's inquest, which was held to inquire into the death of Durden; that at the time of holding the inquest neither of the defendants nor any one else had been arrested for the killing, and that there were no charges against the defendant; that the defendant Freeman was there examined as a witness. The solicitor then asked the witness Jones what Freeman testified to on that occasion. The defendant objected to this question, on the ground that at the time of the examination of the witness the acting coroner excluded the defendants from the room, while the witnesses against the defendant were being examined, and that in this they were denied a constitutional right. This objection was overruled and the defendants duly excepted. The witness's testimony showed that the said Tom Freeman

[Jones, *et al.* v. The State.]

testified to facts which were contradictory of his statements made during his examination on the present trial.

Upon the introduction of all the evidence the defendants requested the court to give to the jury three written charges, and separately excepted to the court's refusal to give each of them as asked. The substance of the first and third of these charges is sufficiently stated in the opinion. The second of these charges was as follows: 2. "If the jury have a reasonable doubt as to whether William Henry Durden was killed by more than one man, they must acquit the defendants."

C. P. McIntyre, for appellants.—The juror Chamley was incompetent, and the defendants' challenge for cause should have been allowed.—*Smith v. State*, 55 Ala. 1.

The objections to the question asked the witness Cochran, as to his having heard of a previous difficulty between the defendant, Richard Jones, and the deceased, should have been sustained. The evidence in the transcript fails to make out a case against the defendant, Freeman, and the court should have given the general affirmative charge requested by him.—*Gilmore v. State*, 99 Ala. 154; *Green v. State*, 68 Ala. 539.

Charles G. Brown, Attorney-General, for the State.— The court did not err in refusing to allow the challenge for cause of the juror Chamley.—Cr. Code of 1896, § 5016, subd. 7, and authorities cited.

After the defendant had put in issue his character for peace and quiet, it was competent for the State to cross-examine the witness as to his having heard of the specific acts of violence by the defendant.—*Goodwin v. State*, 102 Ala. 98; *Hawes v. State*, 88 Ala. 37.

The court's definition of a reasonable doubt was correct.—*Hodge v. State*, 97 Ala. 37; *Walker v. State*, 117 Ala. 42; *Little v. State*, 89 Ala. 99.

DOWDELL, J.—Sam Jones, Tom Freeman, and Richard Jones, had been jointly indicted at the October term 1898 of the city court of Montgomery for the murder of William Henry Durden, and the said Tom Freeman and Richard Jones asked for and obtained a severance from

Sam Jones, and were tried together. This case being called for trial both the State and defendants announced ready. The sheriff was directed by the court to draw the names of the jury out of the hat. He drew out of the hat the name of J. M. Chamley, who was on the special venire served on the defendants. Sam Jones had been tried on the day preceding the trial of defendants, and had been convicted of murder in the first degree and was to be hanged. After said Chamley had answered under oath, being questioned by the court, that he had no fixed opinion as to the guilt or innocence of the defendants, or either of them, which would bias his verdict, he was asked by defendants if he was present in the court and had heard the evidence in the case of the State against Sam Jones, and he answered "yes." The defendants thereupon challenged the said Chamley as a juror for cause. The court then asked said Chamley if what he had heard would bias his verdict, and he answered "no," and then the court denied defendants' right to challenge the said juror for cause. To this ruling of the court the defendants excepted.

The juror was examined as to his qualification in the manner provided by the statute. Whether the juror had a fixed opinion as to the guilt or innocence of the defendants, which would bias his verdict, the statute expressly provides, must be determined by the oath of the juror alone.—Code of 1896, § 5017. The fact that he had heard the evidence in the trial of Sam Jones, who had been jointly indicted with these defendants but was separately tried on a severance, was not a ground of challenge for cause, unless a fixed opinion as to the guilt or innocence of these defendants, which would bias his verdict, had thereby been produced on his mind, and this he expressly denied when examined by the court on his *voir dire*. The ruling of the court in denying to the defendants the challenge for cause was without error.

The defendant, Richard Jones, offered evidence as to his good character, thereby putting the same in issue. Upon cross-examination by the State of the witness Cochran, who testified to the good character of this defendant, he was asked if he had not heard of a previous difficulty that defendant Richard Jones and the deceased had, in which said Richard assaulted deceased with a

knife. This question was objected to by the defendant, and the court overruled the objection, ·but refused to allow the witness to state any of the particulars of the difficulty, to which ruling of the court the defendant excepted. The witness answered "yes." The action by the court in permitting the question and allowing the answer as limited and restricted by the court was free from error.—*Goodwin v. State*, 102 Ala. 87; *Hawes v. State*, 88 Ala. 37; *DeArman v. State*, 71 Ala. 351; *Ingram v. State*, 67 Ala. 67.

There was no error in overruling the motion of the defendant, Tom Freeman, to exclude the testimony of the witness, Gus Brown, on the ground that it was irrelevant and did not tend to incriminate the defendant Freeman. This testimony was as to a voluntary statement made by defendant to the witness, several days after the offense was committed, and while defendant was under arrest and being conveyed to prison, giving the details of how the crime was perpetrated by others, he, defendant, being present but taking no part in it. Other testimony had already been introduced tending to connect this defendant with the killing of the deceased. It was clearly relevant and competent to go to the jury, and for the jury to determine whether or not it incriminated the defendant. The jury were not bound to accept the whole statement as true, but only that part they believed to be true.

The defendant Freeman testified as a witness before the coroner's inquest, and at that time no charge had been made against him, and, so far as the evidence discloses, he had not been suspected. He testified there without objection. It was competent for the State to show on the present trial what he then testified as being contradictory of his statements made at another time in relation to the homicide. There is nothing in defendant Freeman's objection as to this evidence, and the court properly overruled it.

The court in its oral charge to the jury, in defining the reasonable doubt, among other things said, "it is a doubt for which a reason may be given," and to this definition the defendants excepted. This court has settled, that this is one of the correct definitions of a rea-

[Teague v. The State.]

sonable doubt.—*Walker v. State*, 117 Ala. 42; *Hodge v. State*, 97 Ala. 37; *Ellis v. State, infra.*

There were three written charges requested by the defendants. The first was the affirmative charge in behalf of both of the defendants, and the third the affirmative charge in behalf of the defendant Freeman. Both of these charges the court very properly refused. The second charge was not only misleading, but faulty in other respects. While the jury might have believed under the evidence that one man did the killing, this could not possibly acquit the defendants, if the jury further believed they in any manner aided or abetted or encouraged the killing. The charge ignores this principle of law and phase of the evidence.

We find no error in the record, and the judgment of the city court is affirmed.

## Indictment for Murder.

