'(86 South. 161)

BOAZ FERTILIZER CO. v. CORNELIUS
et al. (6 Div. 710.)

(Court of Appeals of Alabama. June 29,
1920.)

APPEAL AND ERROR ⬅️1010(1) — FINDINGS
SUPPORTED BY EVIDENCE NOT DISTURBED.

Findings of the trial court, sitting without
a jury, based upon ample evidence, will not
be disturbed on appeal.

Appeal from Circuit Court, Blount County;
O. A. Steele, Judge.

Action by the Boaz Fertilizer Company
against A. J. Cornelius, in which plaintiff
had execution levied upon property claimed
by A. S. Bains. Judgment for claimant, and
plaintiff appeals. Affirmed.

James Kay, of Oneonta, for appellant.

The plaintiff's lien was superior to all
subsequent conveyances. Acts 1898–99, p.
1809; 117 Ala. 571, 23 South. 523; 170 Ala.
232, 54 South. 532; 179 Ala. 573, 60 South.
874. Plaintiff was a bona fide creditor, and
must be protected as such. Section 3394 et
seq., Code 1907, as amended by Acts 1911,
p. 115; 84 Ala. 316, 4 South. 31; 166 Ala.
99, 51 South. 994; 169 Ala. 154, 53 South.
1014, 33 L. R. A. (N. S.) 374; 169 Ala. 506,
53 South. 1028.

J. F. Kelton & Son, of Oneonta, for appel-
lee.
No brief reached the Reporter.

BRICKEN, P. J. The appellant obtained
judgment on May 15, 1916, against A. J. Cor-
nelius, and on May 26, 1916, under proper
certificate, recorded the judgment in the of-
fice of the judge of probate. Execution
thereon issued July 7, 1919, and was levied
upon two horses as property of Cornelius, de-
fendant.

A. S. Bains laid claim to the property, and
made the requisite affidavit and claim bond.
After litigating the matter in the justice of
the peace court, where judgment was ob-
tained, the cause reached the circuit court
on appeal, where judgment was rendered for
claimant.

Claimant bases his right to the property by
virtue of a mortgage executed by A. J. Cor-
nelius to one J. K. Tidwell, of date October
31, 1918, due and payable November 1, 1919,
properly recorded as of November 16, 1918,
and transferred to A. S. Bains by Tidwell on
November 15, 1918.

From the evidence it appeared that the
horses were Tidwell's, and were sold by him
to Cornelius, either contemporaneously with
the execution of the mortgage, or under an
agreement to execute the mortgage, which
was consummated within a short time there-
after.

Sitting without a jury. the court gave judg-
ment for the claimant. An examination of
the record. discloses the fact that there is
ample evidence to support the finding of the
court, and under the familiar rules, we are
unwilling to disturb this finding.

Affirmed.

---

(85 South. 819)

BLEVINS v. STATE. (7 Div. 655.)

(Court of Appeals of Alabama. June 30,
1920.)

Appeal from Circuit Court, De Kalb County;
W. W. Haralson, Judge.

Harry Blevins was convicted of murder in
the first degree, and he appeals. Reversed and
remanded.

Isbell, Scott & Downer, of Ft. Payne, for ap-
pellant.
J. Q. Smith, Atty. Gen., and Lamar Field,
Asst. Atty. Gen., for the State.

BRICKEN, P. J. This defendant and his
brother Richard, alias Rich Blevins, were
jointly indicted for murder in the first degree.
A severance was granted and the trial of this
defendant resulted in a conviction for murder
in the second degree, the term of imprison-
ment being fixed by the jury at 15 years in
the penitentiary, and judgment was rendered
accordingly.

The rulings of the court on the venire and
organization of the jury in this case were iden-
tical with the rulings in the case of the co-
defendant, Richard, alias Rich Blevins v. State
(Sup.) 85 South. 817,[1] and notwithstanding the
strong, cogent, and convincing opinion rendered
by Justice Sayre and concurred in by Justice
Brown, the Supreme Court has decided that
no error appears in the rulings of the court
on the organization of the jury. It follows,
therefore, that this court must also so declare
in the instant case.

While the trial of this defendant was had
separate and apart from that of his brother
Richard, alias Rich Blevins, in the Supreme
Court, present term, a careful comparison of
this record with the record in that case shows
that the trials in both cases were practically
identical; the evidence being the same and the
rulings of the court alike in each case. This
being true, we pretermit here a discussion of
the many insistencies of error presented, and
under the authority of the Richard Blevins
Case, supra, the judgment of conviction will
be reversed and the cause remanded.

Reversed and remanded.