**BLEVINS v. STATE. (7 Div. 973.)**

(Court of Appeals of Alabama. July 22, 1924. Rehearing Denied Aug. 19, 1924.)

**1. Criminal law ⊜⟹200(8)—Acquittal of shooting one of two persons, shooting at same time, held no bar to prosecution for shooting other.**

Shooting of two persons, at about same time at same house in same general difficulty,

⊜⟹For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
[1] Post, p. 312.

by two persons with different weapons, are separate offenses, and acquittal of shooting one, with weapon in hands of accused's codefendant, was no bar to prosecution for shooting the other with weapon in accused's hands.

**2. Criminal law ⬤═▷195(1)—Conviction or acquittal no bar to prosecution for another offense not identical in law and fact.**

Conviction or acquittal of one offense is no bar to prosecution for another, unless identical in law and fact.

**3. Criminal law ⬤═▷296—Affirmative charge for defendant on plea of former acquittal held properly refused.**

Affirmative charge for defendant, in murder prosecution, on plea of former acquittal, *held* properly refused, in view of conflicting evidence.

**4. Criminal law ⬤═▷589(5)—Motion for continuance until proper venireman could be summoned held properly refused.**

Motion to continue trial until C. F. G., whose name appeared on venire ordered for trial, could be summoned and brought into court, instead of C. G., of different beat, who was summoned, but did not appear, *held* properly overruled.

**5. Criminal law ⬤═▷1170½(1)—Witness' statement as to capture of whisky in deceased's possession held not prejudicial to defendant.**

In murder prosecution, where defendant introduced evidence that deceased, a deputy sheriff, was drunk at time of killing, statement of state's rebuttal witness, on cross-examination, in reply to question, "You say he had 17 gallons of whisky," that, "We captured it," *held* not prejudicial to defendant, whom it did not tend to connect with possession of whisky before it was captured.

**6. Homicide ⬤═▷169(2)—Evidence of officers' capture of whisky in deceased deputy's possession held admissible.**

In prosecution for murdering deputy sheriff, defendant, introducing evidence that deceased was drunk at time of killing, could not complain that testimony as to capture of whisky by sheriff and his deputies, was irrelevant; state being entitled to show, in rebuttal, that they were in lawful possession.

**7. Criminal law ⬤═▷829(1) — Charges covered by charges given properly refused.**

Charges covered by charges given are properly refused.

**8. Criminal law ⬤═▷821(1)—Charge on reasonable doubt held bad in use of "more certainty" for "moral certainty."**

Charge that jury must believe defendant guilty beyond all reasonable doubt to "more certainty" *held* bad, court not being authorized to substitute intended words "moral certainty."

**9. Criminal law ⬤═▷761(6)—Homicide ⬤═▷300(14)—Charge on self-defense held properly refused as invading jury's province and omitting imminent peril of life or serious bodily harm.**

Charge that if sheriff and deputies attempted to arrest defendants without making their business, authority, or identity known, defendants "had a right to resist and, being in their

home, * * * to kill their adversaries without retreating," if necessary "to resist such unlawful arrest," *held* properly refused as invading jury's province and omitting imminent peril of life or serious bodily harm.

**10. Criminal law ⬤═▷757(5) — Charge as to testimony of interested witness held properly refused as invading jury's province.**

Charge that, if jury believed witness was interested in result of verdict, they should look at his testimony in light of such interest, *held* properly refused as invading jury's province.

**11. Criminal law ⬤═▷1045, 1055—Objection to argument not available in absence of ruling on motion to exclude, and exception reserved.**

Objection to argument of state's solicitor is not properly presented for review, in absence of ruling on motion to exclude it, and exception reserved.

**12. Criminal law ⬤═▷720(9)—Refusal to enter mistrial because of state's argument that motive for killing was liquor in deceased's car held not error.**

In prosecution for murdering deputy sheriff, where defendant proved that liquor was in officers' car near scene of shooting, court did not err in refusing to withdraw case from jury and enter mistrial because of argument of state's solicitor that motive for killing was 15 gallons of liquor that "defendant's counsel proved was over there in the car."

**13. Jury ⬤═▷103(14)—Juror not incompetent because he expressed opinion based on rumor, unless he has fixed opinion which would bias verdict.**

Juror, who has expressed opinion based on rumor, is not incompetent under Code 1907, § 7276, if he will be governed entirely by evidence and has no fixed opinion which would bias his verdict.

**14. Jury ⬤═▷103(7)—Juror hearing part of former trial not disqualified in absence of fixed opinion.**

Hearing part of evidence and argument on former trial does not disqualify juror, unless he has formed, therefrom or otherwise, fixed opinion, which would bias his verdict.

Appeal from Circuit Court, De Kalb County; W. W. Haralson, Judge.

Harry Blevins was convicted of murder in the second degree, and appeals. Affirmed.

Certiorari denied by Supreme Court in Ex parte Blevins, 211 Ala. 615, 101 So. 482.

These requests for instruction were refused to defendant:

"A1. I charge you that if you believe from the evidence in this case that the killing of Arnold Scott and Beldon Little was pursuant to and was a continuation of the same assault, and done under the same impulse of the same design, it is but one act, although they may have been killed by different shots.

"A2. I charge you that if you believe from the evidence that the killing of Arnold Scott and Beldon Little was one continuous assault

and one transaction, then you should find your verdict for the defendant on his plea."

"L. I charge that you must believe the guilt of the defendant from the evidence beyond all reasonable doubt, to a more certainty, and to the exclusion of every hypothesis based on the innocence of the defendant. That means that the state must furnish you evidence which will exclude the theory of the defendant that the sheriff killed Little, and if after you have considered all the evidence, both for the state and the defendant, you have a doubt growing out of that testimony, which you think is reasonable, whether the sheriff killed Little or whether one of the Blevins boys killed him, then you should acquit the defendant."

"O. I charge you that if the sheriff, Scott, and Little attempted to arrest these Blevins boys without making known their business, authority, or identity, and in so doing Scott grabbled one of them, then they had a right to resist, and, being in their own home, they had a right to kill their adversaries without retreating, provided it was necessary to resist such unlawful arrest."

"7. If you believe Andy Chitwood is interested in the result of your verdict then, gentlemen of the jury, you should look at his testimony in the light of the interest he has in your verdict."

Isbell & Scott, of Fort Payne, for appellant.

Motion for a continuance for the summoning of juror Gilland should have been granted. Blevins v. State, 204 Ala. 476, 85 South. 817; Zinnam v. State, 186 Ala. 9, 65 South. 56; Tennison v. State, 188 Ala. 90, 66 South. 112; Carmack v. State, 191 Ala. 1, 67 South. 989; Wright v. State, 15 Ala. App. 91, 72 South. 564; Cain v. State, 16 Ala. App. 303, 77 South. 453. Charges A–1 and A–2 should have been given. Moss v. State, 16 Ala. App. 34, 75 South. 179; Ellis v. State, 105 Ala. 74, 17 South. 119; Meadows v. State, 136 Ala. 75, 34 South. 183. It was error to overrule defendant's motion to exclude the answer of witness York that they had captured the whisky. Maxwell v. State, 89 Ala. 150, 7 South. 824; Blevins v. State, supra. It being shown a juror was biased and prejudiced, the verdict should have been set aside. 24 Cyc. 275; State v. Coella, 3 Wash. 99, 28 Pac. 28; B. R. L. & P. Co. v. Drennen, 175 Ala. 338, 57 South. 876, Ann. Cas. 1914C, 1087.

Harwell G. Davis. Atty. Gen., and Lamar Field, Asst. Atty. Gen., for the State.

Refusal to continue the case was not reversible error. Blevins v. State, 204 Ala. 476, 85 South. 817; Jones v. State, 17 Ala. App. 447, 86 South. 123; Reed v. State, 18 Ala. App. 371, 92 South. 513; Milligan v. State, 208 Ala. 223, 94 South. 169; Smith v. State, 209 Ala. 666, 96 South. 779. Charges on plea in abatement were well refused. Moss v. State, 16 Ala. App. 34, 75 South. 179. A juror, who states he will try a case on the evidence, is competent, though he states he has formed an opinion based on rumor. Funderburk v. State, 145 Ala. 661, 39 South. 672; Jarvis v. State, 138 Ala. 17, 34 South. 1025; Ragsdale v. State, 134 Ala. 24, 32 South. 674; Jones v. State, 120 Ala. 303, 25 South. 204; Hammil v. State, 90 Ala. 577, 8 South. 380.

FOSTER, J. The appellant and his brother, Richard Blevins, were jointly indicted at the fall term, 1919, of the circuit court of De Kalb county for killing Belton Little; the indictment charging murder in the first degree. At the same term of the court an indictment was returned against the appellant and his brother for killing Arnold Scott. At the spring term, 1921, of the court the appellant was tried upon the indictment for the killing of Arnold Scott and was acquitted.

Upon arraignment on the indictment in this case the appellant filed a plea of former acquittal, averring that he was at the spring term, 1921, put upon trial for the killing of Arnold Scott and was acquitted, and that the killing of the two persons was at the same time and based upon the same facts. Issue was joined upon the plea and was submitted to a jury, which decided the issues in favor of the state. There was a conflict in the evidence. The appellant claimed that he did not shoot the deceased, but that his gun went off accidentally in a struggle with Arnold, and that the sheriff shot the deceased.

[1, 2] Deceased, Belton Little, who was a deputy sheriff, and another deputy, Arnold Scott, who was killed in the same difficulty, and the sheriff went to the house where appellant lived with his mother, two sisters, and Richard Blevins; the last named being jointly indicted with the appellant. The three officers went into the house and awaited the coming of the appellant and his brother, leaving the automobile in which they had approached the house in the woods several hundred yards away in charge of one York. In a short while appellant and his brother came home, and as soon as they entered the house shooting commenced, the two deputies were killed, the sheriff was wounded, as were the appellant and his brother. The evidence was in dispute as to who started the shooting. The evidence showed that Little died from a wound made by a ball from a pistol or a rifle—the ball entering his head—and that the shot which killed Arnold was from a shotgun. It was clear that the two deputies were shot with different weapons, and that Scott was first shot with a shotgun, and Little was then shot with a rifle or pistol. One of the brothers had a shotgun and the other had a rifle. The same shot that killed Little did not kill Arnold. It was a matter of inference for the jury from the evidence that the boy who had the rifle killed Little and the other boy who had the shotgun killed

Arnold. There was evidence that both the brothers were shooting. The shooting of Arnold. and the shooting of Little about the same time, in the same house, in the same general difficulty, with different weapons, were separate offenses, and the acquittal of the appellant for shooting Arnold was no bar to his prosecution for shooting Little. Each act of shooting, the firing of the shotgun at one man and the firing of the rifle at another, was a separate act and constitutes a separate offense. If in the same affray a defendant shoots and kills one person and by a second act shoots and kills another, the two results by different acts of shooting cannot be said to grow out of the same unlawful act, but out of two distinct acts, and the party shooting is responsible for the two results from the two separate acts, and may be indicted and punished separately for each. If one of the brothers in the instant case killed Little with a rifle and the other killed Arnold with a shotgun, these were separate and distinct acts and offenses. "The two offenses must be the same—must be identical in law and in fact—or an acquittal or conviction of the one is not a bar to a prosecution for the other." Gunter v. State, 111 Ala. 23, 20 South. 632, 56 Am. St. Rep. 17; Gordon v. State, 71 Ala. 315.

It results from the foregoing that charges A1 and A2 refused to defendant on the trial of his plea of former acquittal were properly refused.

[3] There was a conflict in the evidence, and charge A3, the general affirmative charge for the defendant, on his plea of former acquittal, was properly refused.

[4] The name of Charles F. Gilland, farmer, beat 6, appeared on the venire ordered for the trial of defendant. Charles Gilland, beat 17, a different man, was summoned by the sheriff but did not appear. The court overruled the motion of the defendant to continue the trial until Charles F. Gilland of beat 6 could be summoned and brought into court. The same proposition on similar facts was decided adversely to the contention of the defendant by the majority of the justices of the Supreme Court in Blevins v. State, 204 Ala. 476, 85 South. 817, and this Blevins Case was followed by the court of Appeals in Blevins v. State, 17 Ala. App. 562, 85 South. 819.

[5, 6] The defendant had introduced evidence tending to show that the deceased was drunk at the time of the killing, and in rebuttal the state introduced evidence in contradiction of the evidence offered by defendant. On cross-examination by defendant's counsel the following question was asked the state's witness, "You say he had 17 gallons of whisky?" The answer was: "Yes, sir; we captured it." Defendant's counsel moved to exclude the statement, "we captured it," on the ground that it was not responsive to the question, and the court overruled the motion. There was nothing in the statement tending in any way to connect the defendant with the possession of the whisky before it was captured, and could not, therefore, have been prejudicial to the rights of the defendant. On the contrary, it tended to explain the possession of the whisky by the sheriff and his deputies, without in any manner connecting the defendant with it. The defendant, having instituted the inquiry about the whisky, cannot complain that the evidence was irrelevant. The state would therefore have had the right to show that the sheriff and his deputies were in the lawful possession of the whisky to rebut the inference that the deceased, one of the deputies, had it in possession to drink and was drunk from its use.

It will serve no useful purpose to discuss the other objections and exceptions to the admission of evidence, as they are obviously without merit.

[7] Charges D, F, and K refused to defendant are covered by given charge G.

Refused charge I is covered by given charge 4.

[8] Evidently, the words "more certainty" in charge L are intended for "moral certainty," but we are not authorized to make the substitution, and the use of the words "more certainty" in the charge render it bad, if it is not faulty for other reasons.

Charge M is argumentative, but was substantially covered by given charge N.

[9] Charge O is invasive of the province of the jury and omits imminent peril of life or serious bodily harm, an essential element of self-defense.

Refused charge 1 is covered by given charge A.

Refused charges 3 and 9 are covered by given charge G.

Charge 6 is covered by given charge N and the oral charge of the court.

[10] Charge 7 invades the province of the jury.

[11, 12] Objection was made to certain portions of the argument of the state's solicitor, and the court sustained objection where motion was made to exclude except in one instance, as follows:

"The motive for this killing was 15 gallons of liquor that the defendant's counsel proved was over there in the car."

There was no ruling on the motion and no exception reserved. The question is not properly presented for review. The defendant had proven that the liquor was in the car. The court did not err in refusing to withdraw the case from the jury and enter a mistrial.

[13] One of the grounds specified in a motion for a new trial was:

"Because one J. Frank Pickens, who was one of the jurors to try the case, had a fixed opin-

ion as to the guilt or innocence of the defendant and was prejudiced in the case."

One of the grounds for challenge of a juror is that he has a "fixed opinion as to the guilt or innocence of the defendant, which would bias his verdict." Section 7276, Code 1907. A juror who has expressed an opinion based on rumor is not incompetent to try a case if he will be governed entirely by the evidence and has not a "fixed opinion which would bias his verdict." Funderburk v. State, 145 Ala. 661, 39 South. 672; Jarvis v. State, 138 Ala. 17, 34 South. 1025; Ragsdale v. State, 134 Ala. 24, 32 South. 674.

[14] Hearing part of the evidence and part of the argument on a former trial does not disqualify a juror unless he has formed therefrom or otherwise a fixed opinion which would bias his verdict. Jones v. State, 120 Ala. 303, 25 South. 204; Hammil v. State, 90 Ala. 577, 8 South. 380.

The court did not err in refusing the motion for new trial. We find no prejudicial error in the record. The judgment of the circuit court is affirmed.

Affirmed.

### On Rehearing.

The law was fully, fairly, and correctly given to the jury in the oral instructions of the court on the trial of the defendant on his plea of former acquittal, and the oral instructions of the court fully and substantially covered the principles of law set out in requested charges A1 and A2.

We have carefully considered every question presented in this case and must adhere to our former rulings.

The application for rehearing is overruled.