(110 So. 474)

### PERKINS v. STATE. (6 Div. 919.)

(Court of Appeals of Alabama. June 8, 1926. Rehearing Denied Oct. 26, 1926.)

Criminal law ⊂⊃292(1)—Pleas of acquittal of manufacturing and possessing still for manufacturing, prohibited liquors, substantially in Code form, held good under indictment for selling, offering for sale, or possessing prohibited liquors (Code 1923, § 5205).

Pleas that defendant at former term was acquitted under indictment charging manufacturing, and possession of still for manufacturing, prohibited liquors, that present indictment charging selling, offering for sale, or possessing prohibited liquors arose from same state of facts, and that liquor to be used in evidence was used in the previous case, held substantially in the form laid down in Code 1923, § 5205, and not subject to demurrer.

Bricken, P. J., dissenting.

Appeal from Circuit Court, Fayette County; Ernest Lacy, Judge.

Holl Perkins was convicted of unlawfully possessing prohibited liquors, and he appeals. Reversed and remanded.

Certiorari denied by Supreme Court in 110 So. 475.

The pleas of defendant are to the effect that defendant was, at the spring term of the court, 1925, put on trial upon an indictment charging him (1) with the manufacture of prohibited liquors, and (2) with the possession of a still to be used for the purpose of manufacturing prohibited liquors; that, after trial, hearing, and consideration as to said offense, defendant was acquitted; that the indictment in the present case, charging him with selling, offering for sale, or having in his possession prohibited liquors, arose out of the same state of facts, and is a part of the same transaction for which he was tried and ac-

quitted; and that the liquor to be used in evidence in this case is the identical liquor used in evidence in said trial, and that the possession of said liquor, so far as defendant is concerned, has not been charged, etc.

The demurrer takes the point that the pleas are no answer to the indictment in this case for that possessing prohibited liquor is a separate offense from distilling or having in possession a still.

F. F. Windham, of Birmingham, for appellant.

The defendant's pleas were not subject to demurrer. Code 1923, § 5205; Savage v. State, 18 Ala. App. 299, 92 So. 19; Jones v. State, 19 Ala. App. 600, 99 So. 770. The error in sustaining demurrer to these pleas was not error without injury. First National Bank v. Williams, 206 Ala. 394, 90 So. 340.

Harwell G. Davis, Atty. Gen., and Thos. E. Knight, Jr., Asst. Atty. Gen., and M. E. Nettles, of Jasper, and W. W. Monroe, of Fayette, for the State.

The offense of possessing liquor is not a necessary ingredient of the offense of distilling and possessing a still. Jones v. State, 19 Ala. App. 600, 99 So. 770; Schroeder v. State, 17 Ala. App. 497, 85 So. 851; Gibson v. State, 15 Ala. App. 12, 72 So. 569; Savage v. State, 18 Ala. App. 299, 92 So. 19; Parmer v. State, 20 Ala. App. 233, 101 So. 482.

RICE, J. Appellant was convicted of the offense of unlawfully being in possession of prohibited liquors.

A discussion of the evidence would not be helpful. It was ample to support the verdict returned.

The defendant interposed two special pleas of autre fois acquit, and by far the strongest insistence is that the trial court committed reversible error in sustaining the state's demurrers separately to each of them. So far as we can see, the pleas follow substantially the form laid down in Code 1923 (section 5205). And, under the authority of the opinion of this court by Samford, J., in Savage v. State, 18 Ala. App. 299, 92 So. 19, we are constrained to hold, and do hold, that each of the pleas stated a good defense to the indictment. True, the defendant was permitted, in the court below, to bring out most of the evidence which would have been admissible under the pleas, which pleas were not substantially different, and it can almost be said that the sustaining of the demurrers to the pleas worked no injury. However, with the pleas in, as he had the right to have them, we cannot say but that he would have been able to, and would have, introduced evidence which, under the authority of the Savage Case, supra, would have fully proved them.

The exceptions reserved on the taking of testimony may not arise on another trial, and

---

no contribution of value would be made to the law by passing upon them here.

For the error in sustaining the demurrers to the defendant's pleas No. 1 and No. 2, the judgment is reversed, and the cause remanded.

Reversed and remanded.

BRICKEN, P. J. (dissenting). I do not accord to the reversal of the judgment of conviction in this case. My opinion is that an affirmance should be ordered. The court properly sustained demurrers to defendant's pleas 1 and 2. These pleas are no answer to the indictment, and the trial court so held. My opinion is that my associates are wholly wrong in the conclusion reached and in their reasons therefor. A careful reading of this record convinces me that the conviction of this appellant, in the court below, was properly had, and that the entire proceeding was without error.