(129 So. 714)

## HURST v. STATE.
### 4 Div. 673.

Court of Appeals of Alabama.
June 30, 1930.

Rehearing Dismissed Aug. 19, 1930.

48

Sollie & Sollie, of Ozark, for appellant.

Charlie C. McCall, Atty. Gen., for the State.

SAMFORD, J.

The defendant was charged by indictment with murder in the first degree in that he unlawfully and with malice aforethought killed Malon Farmer, etc. To this indictment the defendant interposed three pleas, the first of which is as follows:

"Plea 1. Comes the defendant and for plea says: He ought not to be required to answer this indictment, and that the State ought not to prosecute the same against him, because at the Spring Session of the Circuit Court, Barbour County, Alabama, Clayton Division, on to-wit, the 16th day of April, 1929, he was charged and put upon trial under an indictment, a copy of which is attached hereto, and made part hereof, with leave of reference, and marked exhibit 'A,' and that after trial, hearing and consideration as to said offense, the defendant was acquitted and discharged; and the defendant says that he is now charged in this indictment of this offense, which is based upon the same matter and transactions

and the same act or acts as that for which he was tried and acquitted as aforesaid in the first indictment. All of which the defendant is ready to verify, and prays that he be discharged in the present indictment.

"Jim Hurst.

"Sworn to and subscribed before me this the 21st day of October, 1929.

"Ben H. Baker, Clerk Circuit Court."

To this plea the state demurred on the sole ground that "said plea is no answer to the indictment." This demurrer was sustained by the court. The foregoing is sufficient to illustrate what we shall say regarding the court's rulings on the demurrer.

 The plea was in the form prescribed by the Code for pleas of this character, and when this is the case must be met by some other method than demurrer. Cast v. State, 11 Ala. App. 177, 65 So. 718; Wooley v. State, 20 Ala. App. 364, 101 So. 918; Perkins v. State, 21 Ala. App. 576, 110 So. 474; Code 1923, § 5205.

 The trial court, in sustaining the demurrer, evidently proceeded upon the theory that as Exhibit A to the plea and made a part thereof, charged the killing of George Dewy Cox, while the indictment in the instant case charged the killing of Malon Farmer, the plea showed on its face that the two crimes charged were separate and distinct, but, as was said by Pelham, J., in Cast v. State, supra: "The plea alleges that the two charges are based on the same acts or conduct of the defendant, and have reference to the same matters and transactions, and, if so, it would be a prosecution for the same, or substantially the same, offense." By the demurrer the state admits the allegations of the plea, and, if the same act caused the death of both Cox and Farmer and defendant had been, after legal trial, acquitted of the one, he could not be again tried for the other. Const. 1901, § 9.

Where a man kills two men in quick succession, with a formed design as to each man, it constitutes two offenses. But where the killing is pursuant to and is a continuation of the assault and done under the impulse of the same design, it is but one act. Moss v. State, 16 Ala. App. 34, 75 So. 179, 180; Ellis v. State, 105 Ala. 74, 17 So. 119; Meadows v. State, 136 Ala. 75, 34 So. 183; Haraway v. State, 22 Ala. App. 553, 117 So. 612.

The court said in the case of Moss v. State, supra: "It is true that the same person may at the same time and in the same transaction commit two or more distinct criminal offenses; as in an affray a person shoots and kills one person, and by a second act shoots and wounds another; but each act must necessarily separately have all the elements of a crime, and each must be a separate act. But if a person, by the act of defending himself, fires four shots as one continuing act with the same purpose and intent and at the same person, and in so doing accidentally kills an innocent bystander, he can only be tried for one offense." This opinion was passed upon by the Supreme Court in Re Moss, 200 Ala. 700, 76 So. 998, and Gunter v. State, 111 Ala. 23, 20 So. 632, 56 Am. St. Rep. 17. The proper procedure in a case of this kind is not to demur, thereby admitting as true all the allegations of the plea, but to take issue and offer proof. Blevins v. State, 20 Ala. App. 229, 101 So. 478.

If upon the trial of the issue presented by the plea it should appear that defendant killed both Malon Farmer and Dewy Cox, with a formed design as to each, the plea would fail. Per contra, if it should appear that the defendant, while defending himself from an assault by Farmer, without formed design as to Cox, killed him also, there would be but one offense. Defendant could be tried but once for the killing of both.

 Excerpts from the court's oral charge to which exceptions were reserved are so fragmentary as not to fairly present the questions sought to be raised. Exceptions to the court's oral charge should set out in hæc verba the charge of the court on the point raised.

Refused charge 1 was fully and substantially covered by given charge 10.

Refused charged 8 states, as we think, a correct proposition of law, not sufficiently covered by other charges and should have been given. Elmore v. State, 92 Ala. 51, 9 So. 600; Gilbert v. State, 20 Ala. App. 565, 104 So. 45.

In this case at bar the state's case was not dependent upon the testimony of one witness, and hence refused charge 11 is abstract. Baxley v. State, 18 Ala. App. 277, 90 So. 434.

Requested charge 14 should have been given. McClellan v. State, 117 Ala. 140, 23 So. 653; Alabama S. & W. Co. v. Griffin, 149 Ala. 423, 42 So. 1034.

As we view this record, it would serve no good purpose to further consider the other and numerous charges requested by defendant and refused by the court. These questions will probably not arise on another trial.

For errors pointed out, the judgment is reversed, and the cause is remanded.

Reversed and remanded.