61 So.2d 251

## WOOD v. STATE.

### 7 Div. 194.

Court of Appeals of Alabama.

Oct. 28, 1952.

Leonard Crawford, Fort Payne, for appellant.

Si Garrett, Atty. Gen., and Thos. M. Galloway, Asst. Atty. Gen., for the State.

PRICE, Judge.

The prosecution was by affidavit charging that defendant "did buy, sell, or have in possession, illegally, prohibited liquors or beverages, contrary to law," etc. Defendant was found guilty and fined $100, together with costs.

Before pleading to the merits of the complaint defendant interposed special pleas of autrefois acquit and former jeopardy. Said pleas being set out herein:

1. "Now comes the defendant in his own proper person and for plea says: He ought not be required to answer this complaint and that the State ought not to prosecute the same against him, because at the February Term, 1951, of the Circuit Court, DeKalb County, Alabama, and on the 27th day thereof, he was charged and put upon trial under an indictment charging the defendant with manufacturing prohibited liquors in one count of said indictment and in a second count of said indictment he was charged with the possession of a still or apparatus upon which to manufacture liquors, and that after trial, hearing, and consideration as to said offenses, the defendant was acquitted and discharged. And the defendant says that he is charged in this complaint of the possession of the liquors that was found by the officers when they raided the still that the defendant was charged with operating or having in his possession and that the liquor that the defendant is now being charged with possessing was then and there in the possession of defendant at said still and was the same liquor that the defendant was charged with manufacturing and that the charge in this complaint is based upon the same matter and transactions as that for which he was tried and acquitted as aforesaid in said indictment. All of which the defendant hereby verifies, and prays that he be discharged in the present case under said complaint."

2. "Now comes the defendant in his own proper person and for plea says: He has once been in jeopardy for the offense of which he is now charged in this complaint and that on the 27th day of February, 1951, in the Circuit Court, DeKalb County, Alabama, the defendant was in due form arraigned and pleaded not guilty to the offense charged in an indictment which in the first count charged the defendant with manufacturing prohibited liquor and in the second count he was charged with possessing a still or apparatus upon which to make liquor and that the defendant was put on trial for such offenses, and after he pleaded to the same and was thus in jeopardy, and that the liquor with which the defendant is now charged in this complaint with possessing was liquor manufactured or made on the still with which the defendant was charged with in said indictment, and which liquor was found at said still in the possession of the defendant. All of which the defendant is ready to verify, and he prays judgment of this Court that he be discharged from the premises in the present case under said complaint."

The State demurred to each of said pleas on the following grounds:

"1. The plea does not state a defense to the complaint.

"2. The plea does not state that the defendant has been tried or acquitted of the offense of which he is now charged.

"3. The fact that defendant has been tried and acquitted of distilling and possessing a still is no defense to the prosecution now before the Court."

The court sustained the demurrers to the pleas.

 The pleas followed substantially the form prescribed by the Code, and when such is the case must be met by some method other than demurrer. Code 1940, Title 15, Sec. 288; Hurst v. State, 24 Ala.App. 47, 129 So. 714; Perkins v. State, 21 Ala. App. 576, 110 So. 474.

A single offense cannot be split up or subdivided by the State into two or more indictable offenses. Savage v. State, 18 Ala. App. 299, 92 So. 19; Everage v. State,

600

14 Ala.App. 106, 71 So. 983; Moore v. State, 71 Ala. 307; Crosswhite v. State, 31 Ala.App. 181, 13 So.2d 693.

The established rule is that if the second indictment is based on same acts or conduct and has reference to the same matter and transactions, it is a prosecution for the same or substantially the same, offense, as regards a plea of former acquittal. Hurst v. State, 24 Ala.App. 47, 129 So. 714; Smith v. State, 34 Ala.App. 45, 38 So.2d 341.

■ By demurring to the pleas the State confessed the truth of their allegations. Ex parte Spivey, 175 Ala. 43, 57 So. 491; Smith v. State, 253 Ala. 277, 44 So.2d 250; Hurst v. State, supra; Crosswhite v. State, supra.

■ Under the holding of this court in Savage v. State, 18 Ala.App. 299, 92 So. 19; and Perkins v. State, 21 Ala.App. 576, 110 So. 474, certiorari denied 215 Ala. 299, 110 So. 475, we conclude that each of said pleas stated a good defense to the complaint, and the court's action in sustaining the demurrers constituted reversible error.

Reversed and remanded.