184 So.2d 847

**A. G. CARTER**

v.

**STATE.**

**3 Div. 182.**

Court of Appeals of Alabama.

March 29, 1966.

W. Clarence Atkeison, Prattville, for appellant.

Richmond M. Flowers, Atty. Gen., for the State.

CATES, Judge.

This cause was submitted January 14, 1965, on the record proper without briefs. Our prior opinion of June 1, 1965, is withdrawn, and the following becomes the opinion of the court.

Carter was indicted for assault with intent to murder and convicted of assault and battery on the person of one Horton Walk-er. To the jury's fine of $150.00, the trial judge added six months hard labor for the county. Sentence was suspended—for an unspecified period.

■ The indictment here embraces the lesser included offenses of assault and battery and assault simpliciter. Lewis v. State, 121 Ala. 1, 25 So. 1017; Stovall v. State, 34 Ala.App. 610, 42 So.2d 636; Johnson v. State, 42 Ala.App. 511, 169 So.2d 773. In both courts the State alleged that Carter assaulted the same victim.

Before entering trial on the indictment, Carter first pleaded former jeopardy as set out in Form 7, Code 1940, T. 15, § 288.

The gist of this plea was that a charge of assault against Carter was nol prossed in the Court of Common Pleas of Autuaga County. The motion to nol pros was made and granted by that court—says the plea—after Carter had pleaded and testimony was taken.

The judgment entry as to this plea reads:

"Comes the State of Alabama, by its Solicitor and comes also the defendant in his own proper person and pleads as to jeopardy. Upon reading and understanding the plea as filed in this case the Court is of the opinion the plea is not well taken and should be overruled.

"It is ordered and adjudged the plea be and the same is overruled."

In Wood v. State, 36 Ala.App. 598, 61 So. 2d 251, this court, per Price, J., stated as follows:

"The pleas followed substantially the form prescribed by the Code, and when such is the case must be met by some method other than demurrer. Code 1940, Title 15, Sec. 288; Hurst v. State, 24 Ala.App. 47, 129 So. 714; Perkins v. State, 21 Ala.App. 576, 110 So. 474."

■ In Evans v. State, 24 Ala.App. 390, 135 So. 647, and in Coburn v. State, 151

Ala. 100, 44 So. 58, we have cases on all fours herewith. From Berland v. City of Birmingham, 36 Ala.App. 488, 60 So.2d 377, we quote, per Harwood, J.:

"When a plea is regularly interposed it is subject to either a demurrer or motion to strike, and if neither is interposed issue must be taken on the plea. A court is without authority to overrule such plea without giving the party interposing the plea an opportunity to submit his evidence in support thereof. * * *

"The above doctrine as applied to the procedural development of this cause compels that an order of reversal be herein entered."

In *Coburn*, supra, the Supreme Court, per Simpson, J., said:

"It appears from the record that the defendant interposed the plea of autrefois acquit, which is set out in the statement of the case; that 'no motion, demurrer, replication, or any objection, by any plea or paper,' was interposed; but the court on its own motion 'overruled' the plea, stating that the same was not good, and stating what had been the proceedings in the city court of Bessemer, when the case was before it, as stated in the plea. When a plea is regularly interposed in a case, it is subject to either a demurrer or a motion to strike from the records, and, if neither is interposed, issue must be taken on the plea, and it goes before the jury on the question of fact. The plea in this case was defective, and subject to demurrer; but it was the right of the pleader to have those defects pointed out, and then to amend his plea. We know of no rule by which the court can, of its own motion, 'overrule' a plea on facts within the personal knowledge of the judge, without evidence properly produced before the court. * * *"

■ Accordingly, the court below was in error in overruling the defendant's plea of double jeopardy without calling for testimony. The judgment below is due to be

reversed and the cause remanded for further proceedings herein.

Reversed and remanded.